IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-2106-03
 





HOMERO HERRERA HERNANDEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


 HARRIS COUNTY




 

 Hervey, J., delivered the opinion of the Court in which PJ., Keller, Meyers,
Price, Johnson, Keasler, Holcomb and Cochran, JJ., joined. Womack, J., concurred.


O P I N I O N 




 In this case, we address whether compliance with the notice provision of Tex. R. Evid.
404(b) is a condition precedent to admissibility of Rule 404(b) evidence and how to apply the Tex.
R. App. Proc. 44.2(b) harm analysis to a violation of the notice provision of Rule 404(b).

 The notice provision of Rule 404(b), in relevant part, provides that other-crimes evidence
may be admissible for limited, non-character conformity purposes provided that the prosecution
gives the accused reasonable notice in advance of trial of its intent to use this evidence during its
case-in-chief. Rule 404(b) states:

 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of
a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident, provided
that upon timely request by the accused in a criminal case, reasonable notice is given
in advance of trial of intent to introduce in the State's case-in-chief such evidence
other than that arising in the same transaction.


 Rule 44.2(b) requires an appellate court to disregard any error "that does not affect substantial
rights." Rule 44.2(b) states:

 Any other error, defect, irregularity, or variance that does not affect substantial rights
must be disregarded [by a court of appeals].


 Appellant complained during his capital murder trial that the prosecution did not provide him
with adequate notice of its intent to use various extraneous offenses that appellant committed. (1) The
Court of Appeals decided that the prosecution's failure to comply with the notice requirement of
Rule 404(b) was harmless because appellant was not surprised by this evidence.

 The purpose of the rule 404(b) notice requirement is to prevent surprise (i.e., rather
than to exclude evidence). [Citation omitted]. Therefore, if the trial court erred in
admitting the evidence due to lack of notice (as contrasted from other
inadmissibility), we must determine whether the record reflects harm to appellant in
terms of surprise. [Footnote omitted]. Such harm might exist, for example, if the
lack of notice prejudiced appellant's ability to contest the admissibility of the
evidence, rebut it, or offer evidence or arguments to mitigate it. [Footnote omitted] 
However, we find no indication in the record (or appellant's brief) of any such
prejudice or that notice from the State could have materially enhanced defense
counsel's ability to counter this evidence. Therefore, we conclude that any error in
admitting the extraneous offense evidence without the requisite notice was harmless
[footnote omitted] . . . . (2)


 We exercised our discretionary authority to review this decision. The grounds upon which
we granted discretionary review ask :

 1. Whether the Texas Rule of Evidence 404(b) notice requirement is a rule of
evidence admissibility.


 2. Whether the Court of Appeals can ignore the impact of evidence on the verdict
admitted in violation of the [Rule 404(b)] notice requirement when evaluating harm
under [Rule 44.2(b)].[ (3)]


 We understand the State to argue that a trial court may admit Rule 404(b) evidence
notwithstanding the State's noncompliance with the notice provision of Rule 404(b) if the trial court
determines that admitting the evidence would not frustrate the purpose of this notice provision of
preventing surprise. See Hayden v. State, 66 S.W.3d 269, 272 (Tex.Cr.App. 2001) (purpose of Rule
404(b) notice provision is to prevent surprise); Waltmon, 76 S.W.3d at 158 (nature of right
potentially affected by State's noncompliance with notice provision of Rule 404(b) is defendant's
right to be informed of other-crimes evidence State intends to use so as to be able to prepare a
defense); Webb, 36 S.W.3d at 178 (Rule 404(b) notice provision intended to prevent surprise and
lying behind the log by the State); Advisory Committee Notes to Fed. R. Evid. 404(b) (4) (federal rule
404(b) notice provision intended to reduce surprise and to promote the early resolution of
admissibility of Rule 404(b) evidence). The State, therefore, argues that the Rule 404(b) notice
provision is not a rule of evidence admissibility.

 We disagree. Rule 404(b) literally conditions the admissibility of other-crimes evidence on
the State's compliance with the notice provision of Rule 404(b). See Rule 404(b) (other-crimes
evidence may be admissible "provided that upon timely request by the accused in a criminal case,
reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such
evidence other than that arising in the same transaction"); Roethel, 80 S.W.3d at 281 (rejecting claim
that State's failure to comply with notice provision similar to notice provision of Rule 404(b) does
not automatically render such evidence inadmissible). (5) This is not to say that a trial court is without
discretion to utilize its powers (such as granting continuances to reduce surprise) to permit the State
to bring itself in compliance with the notice provision of Rule 404(b). But, a trial court must use
these powers to ensure compliance and not to excuse noncompliance.

 Since the notice requirement of Rule 404(b) is a rule of evidence admissibility, then it is error
to admit Rule 404(b) evidence when the State has not complied with the notice provision of Rule
404(b). The Rule 44.2(b) harm standard is whether the error in admitting the evidence "had a
substantial and injurious effect or influence in determining the jury's verdict." See King v. State, 953
S.W.2d 266, 271 (Tex.Cr.App. 1997). The issue in cases like this is how to apply this standard. We
find helpful the Austin Court of Appeals' discussion in Roethel, 80 S.W.3d at 281-82:

 Accordingly, we must assess harm from the violation of [ a notice provision similar
to Rule 404(b)'s] against its intended purpose.[ (6)] Although the violation of the notice
provision resulted in the improper admission of evidence, we cannot employ the
harm analysis used for violations of the rules of evidence concerning relevancy
because the purpose of those rules differs from the purpose of the [Rule 404(b) notice
provision]. The rules of evidence governing relevancy limit the use of evidence that
may be unfairly prejudicial or misleading; for instance, evidence of other crimes,
wrongs, or acts is inadmissible to prove the character of a person to show that the
commission of the crime at issue is consistent with the defendant's character, but is
admissible for other purposes. [Citation omitted]. When evidence of an extraneous
offense is admitted to prove such character conformity, we examine the record to
determine how the admission of this substantively inadmissible evidence affected
the jury's verdict. [Citation omitted]. That test is appropriate because the erroneous 
admission of the evidence thwarts the rule's purpose of shielding the jury from
evidence used for improper reasons. [Citation omitted]. The notice requirement
found in [the Rule 404(b)], however, does not relate to the substantive
admissibility of the evidence. [Citation omitted]. The lack of notice does not render
the evidence inherently unreliable, but instead raises a question about the effect of
procedural noncompliance. The purpose of the notice requirement is to enable the
defendant to prepare to meet the extraneous offense evidence. [Citation omitted]. 
Thus, we must analyze how the deficiency of the notice affected [the defendant's]
ability to prepare for the evidence.

 

(Emphasis supplied).

 We agree that the purpose of the Rule 404(b) notice provision of preventing surprise is a
valid consideration in conducting a Rule 44.2(b) harm analysis. See Ford v. State, 73 S.W.3d 923,
926 (Tex.Cr.App. 2002) (focusing on purpose of violated jury-shuffle statute in conducting Rule
44.2(b) harm analysis). However, we do not agree with appellant that this is inconsistent with King
and the usual harm analysis applied to the improper admission of evidence.

 When an appellate court determines that a jury's verdict was substantially influenced by the
improper admission of substantively inadmissible Rule 404(b) evidence, that influence on the jury's
verdict will always be "injurious" since there was no proper purpose for the jury to consider the
evidence. But, this is not the case when substantively admissible Rule 404(b) evidence is improperly
admitted because of the State's failure to comply with the Rule 404(b) notice provision. Under these
circumstances, the error in admitting this evidence may have had a substantial effect or influence on
the jury's verdict, but it cannot be said that this effect or influence was "injurious" if the defendant
was not surprised by the evidence. See King, 953 S.W.2d at 271 (substantial right affected "when
the error had a substantial and injurious effect or influence in determining the jury's verdict").

 In this case, for example, appellant primarily complains about the admission of his own
audio-recorded statements to the police which contained multiple references to his extraneous
cocaine "pick-ups," drug thefts, attempts to sell altered weapons, and shooting of guns. A copy of
these audio tapes were given to appellant's counsel months before he made a Rule 404(b) notice
request. Appellant did not make any assertion at trial, or on appeal, that he was "surprised" by the
notion that the State would offer into evidence those six tape-recorded statements which contained
his oral admission of numerous acts of extraneous misconduct.

 Appellant is correct in asserting that "simply because the defendant knew about the
extraneous acts does not mean he has been given notice of the state's intent to use the evidence . .
. [or that] he is properly prepared to defend against them. A defendant who has asked for notice of
what uncharged misconduct the State intends to use against him, may think, when the State fails to
respond, that the prosecutor does not know of those prior peccadilloes. Thus, he need not be
prepared to defend against their use because the State is either unaware of their existence or does not
think they are relevant. On the other hand, it strains credulity to think that this defendant in this case
was not on notice that the State intended to use his six recorded statements as a part of its evidence
or that he had not prepared to defend against their use. Obviously the State was aware of the tape
recordings, had timely furnished appellant's counsel a copy of those recordings, and, considering
how relevant they were to the capital murder charge, could be expected to use them at trial.

 Further, appellant has failed to make any showing of how his defense strategy might have
been different had the State explicitly notified him that it intended to offer the complete tape
recordings at trial, or how his defense was "injuriously" affected by the State's failure to provide
reasonable notice. Appellant notes that "[r]elying upon the [S]tate's notice is useful in giving the
opponent the opportunity to investigate the extraneous acts, find witnesses to rebut the acts, and to
develop evidence to mitigate them." Although that may be true, appellant makes no argument that,
because of the State's failure to give him notice, he was unable to prepare his defense in this
particular case. Surely, having been given the complete tape recordings, appellant's counsel listened
to them and thus was in a position to develop evidence to mitigate their impact. 

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.



Filed: November 2, 2005

Publish

 
1. For example, the record reflects that the police obtained six taped statements from appellant,
and that these statements were admitted into evidence at appellant's capital murder trial. In these
statements, appellant admitted committing various extraneous offenses. The prosecution provided
these taped statements to appellant's counsel soon after he was appointed to represent appellant. 
Appellant's counsel later filed a Rule 404(b) notice request asking whether the prosecution intended
to use extraneous offense evidence at appellant's trial. The prosecution did not respond to this notice
request, and claimed at trial that providing appellant's counsel with the six taped statements
complied with the Rule 404(b) notice provision. Appellant argued on direct appeal that the timing
of his Rule 404(b) notice request "implie[d] Appellant's desire to know, of the many extraneous
offenses known by the state, which ones they intended to introduce." The record also reflects that
appellant's counsel told the trial court during a pre-trial conference (after he had filed his Rule
404(b) notice request) that the prosecution had been "totally cooperative" in providing discovery.


 [APPELLANT'S COUNSEL]: Judge, [the prosecution] and I have been working
together on the discovery, and I'm not sure we're totally done yet but I think the State
has been totally cooperative in giving me what I need and access to what I need. The
only other motions that may come up and need to be heard at time of trial is expert
testimony and things of that nature. 
2. Hernandez v. State, slip op. at 2-3, No. 14-02-00489-CR (Tex.App.-Houston [14th Dist],
October 2, 2003) (not designated for publication).
3. In his brief, appellant presents this ground as follows:


 Since [Rule 404(b)] notice is a rule of evidence admissibility, under [Rule 44.2(b)]
a reviewing court must consider the impact of evidence admitted in violation of the
rule upon the verdict itself, rather than simply the opponent's ability to contest the
evidence, rebut it, or offer evidence and arguments to mitigate against it.


 We note a split among some intermediate appellate courts on exactly how to apply the Rule
44.2(b) harm analysis to a violation of the notice requirement of Rule 404(b). At least one court
assessed harm by examining the entire record to determine whether the error had "a substantial and
injurious effect on the jury's decision." See Waltmon v. State, 76 S.W.3d 148, 156-61, 161
(Tex.App.-Beaumont 2002). In another case, the Fourteenth Court of Appeals examined whether
the error "substantially influenced the jury's decision" by impacting the defendant's "ability to
present a viable defense." See Webb v. State, 36 S.W.3d 164, 183 (Tex.App.-Houston [14th Dist.]
2000, pet. ref'd). Three courts of appeals similarly assessed harm by determining whether the error
surprised the defendant. See Roethel v. State, 80 S.W.3d 276, 281-83 (Tex.App.-Austin 2002, no
pet.) (determining whether violation of notice provision similar to notice provision of Rule 404(b)
was done by the prosecution in bad faith and whether the defendant could have reasonably
anticipated the evidence). 
4. Federal Rule 404(b) states:


 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of
a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident, provided
that upon request by the accused, the prosecution in a criminal case shall provide
reasonable notice in advance of trial, or during trial if the court excuses pretrial notice
for good cause shown, of the general nature of any such evidence it intends to
introduce at trial.
5. We further note that the Advisory Committee's notes to Federal Rule 404(b) also state that
the notice requirement "serves as condition precedent to admissibility of Rule 404(b) evidence," and
that this evidence "is inadmissible if the court decides that the notice requirement has not been met." 
See Johnson v. State, 43 S.W.3d 1, 4 (Tex.Cr.App. 2001) (interpretation of federal rules persuasive
in interpreting comparable state rules).
6. Roethel addressed how to apply a Rule 44.2(b) harm analysis to the State's violation of the
notice provision of Article 37.07, section 3(g), Tex. Code Crim. Proc., which requires the State,
upon a defendant's timely request, to provide notice "in the same manner required by Rule 404(b)"
of its intent to introduce evidence of the defendant's prior criminal record at the punishment phase
of a noncapital case. See also Waltmon, 76 S.W.3d at 155 (cases involving adequacy or
reasonableness of Rule 404(b) notice may be instructive as to those specific "notice of intent" issues
arising under Article 37.07, section 3(g)).