In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00473-CR

____________


JUAN SEGUEDA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 149th District Court 

Brazoria County, Texas

Trial Court Cause No. 48663 





MEMORANDUM OPINION


 A jury convicted appellant, Juan Segueda, of two charges of aggravated
sexual assault of A.M., a child under the age of fourteen, and the trial court
assessed punishment at sixty years' confinement. See Tex. Penal Code Ann.
§22.021(a)(1)(B)(iii) (Vernon 2003 & Supp. 2007). In two points of error,
appellant contends that (1) the evidence is legally insufficient to support the
conviction and (2) the trial court erred in admitting evidence of an extraneous
offense at punishment because appellant received inadequate notice of the State's
intent to use the offense. We affirm.

BACKGROUND A.M., a thirteen-year-old girl, testified that when she was eight or nine years
old she was forced to engage in vaginal and anal sex with appellant, her step-father, more than five times. During each of the incidents, appellant took A.M.
into her bedroom, put her stomach-down on the bed, pulled her pants down, and
touched her on her "middle part" or bottom" with his "middle part." When he
touched her, he would touch her on "the inside." Sometimes he would move slow
and sometimes he would move fast. When he touched her, it hurt "a lot." During
the assaults, A.M. saw something come out of appellant's "middle part." 
Appellant is the only person who has put his "middle part" in A.M.'s "middle part"
or "bottom." 

 The assaults took place during the summer, when A.M. lived with appellant
and her mother. A.M. did not tell her mother about the sexual assaults for a long
time because she feared that appellant would do something to her mother or sister. 
A.M. told her mother about the assaults after appellant moved out of their house. 

 Ernestina Sanchez, A.M.'s grandmother, testified at trial that A.M. lived
with her during the school year and with her mother and appellant during the
summer. Sanchez testified that, around the time of the sexual assaults, A.M.
started having nightmares. "She would start screaming, crying, shaking, calling
out for her mom and her little sister." When asked what she was afraid of, A.M.
responded that she was afraid for the lives of her mother and little sister. In
addition to the nightmares, A.M.'s grades declined, she cried when told that she
would be going to her mother's house, and she acted fearful around appellant. 

 Dr. James Lukefahr, a pediatrician with the University of Texas Medical
Branch in Galveston who works with child victims of alleged sexual abuse,
testified regarding the medical examination A.M. received after making her outcry. 
Dr. Lukefahr testified that A.M.'s mother disclosed that A.M. was unhappy at
home, her grades declined, she directed angry outbursts at her mother and siblings,
she contemplated suicide, and she preferred to live with her grandmother. During
the examination, A.M. disclosed that appellant used his "middle front, front
private" to penetrate her vaginally and anally. She reported pain with both vaginal
and anal penetration. The assaults began when she was eight years old, and would
occur "in [her] room when [her] mom was at work." A.M. disclosed that appellant
told her that if she told anyone he would hurt her mother.

 Dr. Lukefahr testified that none of A.M.'s physical characteristics were
inconsistent with a sexual assault victim. He also testified that the hospital
diagnosed A.M. with chlamydia of the anus, a sexually-transmitted disease. The
only explanation for the diagnosis was contact between her anus and the sexual
organ of someone infected with the disease. 

LEGAL SUFFICIENCY

 In point of error one, appellant contends the evidence is legally insufficient
to support a conviction. Appellant argues that the State failed to prove the
essential element of section 22.021 of the Penal Code, that appellant penetrated
either the anus or the sexual organ of the victim. Specifically, appellant contends
that the State's use of the non-technical term "middle part" to represent A.M.'s or
appellant's sexual organ and the term "bottom" to represent A.M.'s anus, without
giving definitions of those terms, renders the evidence legally insufficient to
support the jury's verdict.

Standard of Review

 When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). The standard is
the same for both direct and circumstantial evidence cases. King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). We do not resolve any conflict of fact,
weigh any evidence, or evaluate the credibility of any witnesses, as this is the
function of the trier of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 
Instead, our duty is to determine whether both the explicit and the implicit findings
of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict. See Adelman, 828 S.W.2d at 422. In
conducting our review, we resolve any inconsistencies in the evidence in favor of
the verdict. Matson, 819 S.W.2d at 843. A person commits aggravated sexual assault of a child if he intentionally or
knowingly causes the sexual organ or anus of a child to contact or penetrate the
mouth, anus, or sexual organ of another person, including the actor. Tex. Penal
Code Ann. §22.021(a)(1)(B)(iii). The testimony of the child victim alone is
sufficient to support the conviction for sexual abuse. Tex. Code Crim. Proc.
Ann. art. 38.07(a) (Vernon 2005); Tran v. State, 221 S.W.3d 79, 88 (Tex.
App.--Houston [14th Dist.] 2005, pet. ref'd).

Analysis

 Having reviewed the evidence in the requisite light most favorable to the
verdict, we conclude that A.M.'s testimony was legally sufficient to establish that
appellant sexually assaulted her as section 22.021(a)(1)(B)(iii) of the Penal Code
defines that offense and as charged in the indictment. Although the State did not
have any witness testify about what A.M. meant when she used the non-technical
terms "middle part" and "bottom," the prosecutor did have A.M. use four
photographs of people, State's Exhibits 1-4, to identify the terms she used for the
different body parts. She identified the head, arms, breasts, stomach, "middle
part," legs, and feet on State's Exhibit 3, and the back, arms, "bottom," and legs on
State's Exhibit 4. She also identified the head, arms, "middle part," legs, and feet
on State's Exhibit 1, and the back, "bottom," and legs on State's Exhibit 2. When
faced with an undescribed demonstration, as here, we presume that the
demonstration supports the judgment. See Rogers v. State, 756 S.W.2d 332, 336
(Tex. App.--Houston [14th Dist.] 1988, pet. ref'd); Gaona v. State, 733 S.W.2d
611, 613 n. 1 (Tex. App.--Corpus Christi 1987, pet. ref'd). Accordingly, we must
view the excerpts of the demonstration in the record as evidence that A.M.'s
identification of the body parts was sufficient to allow the jury to conclude that
A.M. identified the male and female sexual organs as the "middle part" and the
anus as the "bottom."

 Additionally, A.M. testified that she told the police that appellant "put his
penis in [her]." Medical evidence also showed that A.M. tested positively for
chlamydia in her anus. Dr. Lukefahr testified that chlamydia in a child A.M.'s age
could only be caused by sexual contact with an infected person. A.M. testified that
appellant was the only person who had ever "put their [sic] middle in her bottom."

 Appellant also argues that the State failed to prove that he penetrated either
the victim's sexual organ or anus. The State does not need to prove penetration. 
Under section 22.021(a)(1)(B)(iii) of the Penal Code, and as stated in the
indictment, the State has to prove that appellant intentionally or knowingly caused
A.M.'s sexual organ or anus to contact his sexual organ. Tex. Penal Code Ann.
§22.021 (a)(1)(B)(iii) (emphasis added). A.M. testified that appellant touched her
on her "middle part" and "bottom" with his "middle part." Additionally, Dr.
Lukefahr testified that, during her medical examination, A.M. stated that appellant
used his "middle front, front private" to penetrate her vaginally and anally. 
Because the testimony of the child victim alone is sufficient to support the
conviction, we hold that a reasonable jury could find beyond a reasonable doubt
that appellant intentionally or knowingly caused the sexual organ and anus of A.M.
to contact his sexual organ. See Tex. Code Crim. Proc. Ann. art. 38.07(a).

 We overrule appellant's first point of error.

Inadequate Notice In his second point of error, appellant contends the trial court erred by
allowing evidence of an extraneous offense at punishment because appellant
received insufficient notice of the State's intent to offer such evidence under article
37.07 of the Code of Criminal Procedure. Specifically, appellant argues that the
State's failure to inform him of the specific date on which the extraneous offense
took place renders the notice insufficient.

Background

 On April 29, 2005, appellant filed a request for notice of intent to offer
extraneous conduct under rule 404(b) and evidence of an extraneous crime or bad
act under article 37.0. On March 30, 2007, the State filed a notice of intent to
introduce evidence of extraneous offenses and prior convictions for impeachment
and punishment. On April 19, 2007, the State filed an amended notice of intent to
introduce evidence of extraneous offenses and prior convictions for impeachment
and punishment. Trial took place May 29-31, 2007.

 The State's amended notice of intent to introduce evidence of extraneous
offenses and prior convictions stated:

From the time Sandra Hernandez was in middle school until she
graduated high school the defendant was caught peeping in the
window of Sandra Hernandez, on more than one occasion. The
defendant was also caught masturbating while peeping in the window
of Sandra Hernandez. All of this occurred in Freeport, Texas, in the
County of Brazoria.


At the punishment phase of trial, when the State called Hernandez to testify,
appellant objected that her testimony was inadmissible because the State's notice
did not give a specific date on which the extraneous bad acts took place. The State
responds that error, if any, in failing to provide a specific date for the extraneous
offense was harmless. We agree.

Law and Analysis

 Article 37.07 of the Code of Criminal Procedure provides:

On timely request of the defendant, notice of intent to introduce
evidence under this article shall be given in the same manner required
by Rule 404(b), Texas Rules of Evidence. If the attorney representing
the state intends to introduce an extraneous crime or bad act that has
not resulted in a final conviction in a court or record or a probated or
suspended sentence, notice of that intent is reasonable only if the
notice includes the date on which and the county in which the alleged
crime or bad act occurred and the name of the alleged victim of the
crime or bad act.


Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon 2006 & Supp. 2007) (emphasis
added). Error in admitting evidence with insufficient notice under article 37.07
section 3(g) is nonconstitutional error. Apolinar v. State, 106 S.W.3d 407, 414
(Tex. App.--Houston [1st Dist.] 2003, pet. granted) (aff'd on other grounds)
(citing Roethel v. State, 80 S.W.3d 276, 281 (Tex. App.--Austin 2002, no pet.)
(concluding that error in admitting extraneous-offense evidence over objection
based on article 37.07, section 3(g)'s notice requirement is subject to
nonconstitutional harmless-error analysis)). We must disregard any
nonconstitutional error that does not affect a substantial right. Tex. R. App. P.
44.2(b). An error affects a defendant's substantial rights when the error had a
substantial and injurious effect or influence on the jury's verdict. Apolinar, 106
S.W.3d at 414 (citing King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). 
If the error had no or only a slight influence on the verdict, the error is harmless. 
Id.

 The purpose of article 37.07 is to avoid unfair surprise and to enable the
defendant to prepare to answer the extraneous-offense evidence. Id. To determine
harm in light of that purpose, we analyze whether and how the deficient notice
affected appellant's ability to prepare for the evidence. Id. The appellate court
examines the record to determine whether the deficient notice "resulted from
prosecutorial bad faith" or "prevented the defendant from preparing for trial," the
latter inquiry including whether the defendant was surprised by the substance of
the evidence and whether the lack of notice affected his ability to prepare cross
examination or mitigating evidence. Id at 414-15 (quoting Roethel, 80 S.W.3d at
282). Error in admitting evidence in violation of a notice requirement does not
have an "injurious" effect on the verdict if the defendant was not surprised by the
evidence. See Hernandez v. State, 176 S.W.3d 821, 825 (Tex. Crim. App. 2005)
(holding that evidence admitted in violation of Rule of Evidence 404(b)'s notice
requirement not harmful error if defendant not surprised by evidence).

 In Roethel, a jury convicted the defendant of aggravated sexual assault,
attempted aggravated sexual assault, indecency with a child by contact, and
second-degree felony criminal solicitation of a minor, and assessed punishment at
life imprisonment. 80 S.W.3d at 278. The State gave notice that it intended to
offer evidence at the punishment phase of trial that Roethel had sexually assaulted
his sister "when she was a child." Id. at 279. The court held that, although courts
have given some leeway regarding dates, the time period given in the notice was
too general to satisfy the notice requirement. Id. at 280.

 Nevertheless, the court held that the error was harmless. Id. at 283. The
court noted that there was no indication of bad faith in the State's failure to provide
sufficient notice. Id. at 282. The State named the victim, specified the offense,
and gave a general idea of when it occurred. Id. The court held that, because there
was no indication from the record that the generality of the notice was intended to
mislead the appellant or prevent him from preparing for trial, the State did not act
in bad faith when it failed to give sufficient notice of its intent to introduce
extraneous evidence. Id. The court also held that, because the defendant admitted
to the extraneous offense and presented evidence to mitigate the testimony, there
was no indication that the insufficient notice caused surprise or prevented the
defendant from preparing a defense. Id. at 283.

 In Apolinar, the defendant argued that the State's notice was insufficient
because the State did not inform the defendant of its intent to use evidence of an
extraneous offense until the day before trial. 106 S.W.3d at 414. This Court held
that even if the admission of the testimony was in error, the error was harmless. Id.
at 414. The State did not act in bad faith by giving notice only a day before trial
because the State had learned about the extraneous offense the day before trial. Id.
at 415. The insufficient notice did not prevent the defendant from preparing for
trial because the trial court gave the defendant twenty minutes to interview the
witness before testimony began. Id. The defendant did not request more time at
the end of the twenty minutes, and nothing suggested to the Court that the twenty
minutes was insufficient time to allow him to prepare cross-examination. Id. 
Additionally, the defendant admitted to his presence at the scene of the extraneous
offense, but claimed it was another person who committed the offense. Id. The
Court held that nothing showed that the defendant was surprised or unable to
defend against the evidence. Id.

 In this case, appellant argues that the State's notice was inadequate for
failure to include a specific date and that the error was harmful because the jury
assessed a 60-year prison term in an aggravated sexual assault case that "rested
exclusively on the testimony of the victim." However, appellant does not argue
that he was surprised by Hernandez's testimony or was unable to prepare cross-examination or mitigating evidence. The State notes that the notice gave appellant
a way to determine the exact time period of the offenses, and, even if the notice
was insufficient, the error was harmless because the State did not act in bad faith.

 Although the notice did not sufficiently state the date of the extraneous bad
act, it did describe the nature of the act and the name of the witness. Appellant had
known Hernandez for 20 years prior to trial, her parents lived next door to
appellant, and appellant's sister contacted Hernandez the day before trial. The trial
court noted that, although the State's notice was not ideal, the State gave appellant
a way to find out the exact dates of the extraneous offense. Because appellant had
the ability to contact Hernandez, he could have discovered her age and used that
knowledge to determine when she was in middle school. Additionally, the trial
court gave appellant time to interview Hernandez before she testified. Appellant
does not argue, and nothing in the record indicates, that appellant was surprised by
the substance of Hernandez's testimony or that he was unable to prepare for the
evidence. At any time during the month-long period between the time the State
gave notice and the time of trial, appellant could have contacted Hernandez in
order to prepare cross-examination or mitigating evidence. In fact, appellant's
sister did contact Hernandez before the trial.

 Therefore, we hold that, error, if any, was harmless, see Apolinar, 106
S.W.3d at 414, and under the standard for nonconstitutional error, we must
disregard it. See Tex. R. App. P. 44.2(b). 

 We overrule appellant's second point of error.




CONCLUSION

 We affirm the judgment of the trial court.

 


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Do not publish. Tex. R. App. P. 47.2(b)