11th Court of Appeals
Eastland, Texas
Opinion
 
Ricardo Lujan
            Appellant
Vs.                  No. 11-03-00163-CR -- Appeal from Dawson County
State of Texas
            Appellee
 
            The jury convicted Ricardo Lujan of possession with intent to deliver a controlled substance,
cocaine, in a drug-free zone. The jury found the enhancement paragraphs to be true and assessed
appellant’s punishment at 99 years confinement and a $20,000 fine. We affirm.
            In his sole point of error, appellant argues that the trial court erred in admitting evidence of
gang membership over his objection for lack of notice. On January 10, 2003, appellant filed a
request pursuant to TEX.R.EVID. 404(b) for notice of the State’s intention to introduce evidence of
other crimes, wrongs, or acts. Appellant specifically requested notice of the State’s intent to
introduce the evidence pursuant to Rule 404(b) “whether seeking to introduce the same at the
guilt/innocence or punishment, if any.” The trial court held a hearing on the motion on the same day
it was filed. The trial court granted the motion with the understanding that the State would have nine
days to provide the information. The State filed its notice of intent to introduce extraneous offenses,
crimes, wrongs, and bad acts on January 21, 2003. The notice included various disciplinary
violations while appellant was incarcerated. 
            The guilt/innocence phase of the trial began on January 29, 2003. During a recess at the
guilt/innocence phase of the trial, the State informed the trial court that it had received new
information from one of its witnesses. The State planned to call Wayne Smoker, Chief Classification
Officer for the Texas Department of Criminal Justice, to testify during the punishment phase of the
trial about appellant’s various disciplinary problems while incarcerated. Officer Smoker had
reviewed some paperwork that morning and believed that there might be some more information
about appellant. Officer Smoker called a gang intelligence officer who checked the files and found
that appellant was a member of a prison gang. The State informed the trial court that it had just
learned of the information and that it had immediately informed appellant’s counsel. 
            Appellant’s counsel acknowledged that the State had informed him immediately upon
learning of the information but stated that he was surprised by the evidence and had no reason to
suspect appellant had any gang affiliation. Appellant’s counsel noted that he would have no time
to investigate the allegations. Appellant’s counsel asked that the evidence be excluded or, in the
alternative, that he be given a continuance to investigate the allegations. The trial court noted that
the evidence would not be at issue unless appellant was convicted and postponed ruling on
appellant’s objection until the matter was presented at the punishment phase of the trial. 
            On January 30, 2003, during the punishment phase of the trial, the trial court again held a
hearing outside the presence of the jury concerning the admissibility of the evidence that appellant
was a member of a prison gang. The State presented an admission form allegedly signed by
appellant which confirmed that he was a member of a prison gang. Appellant informed his counsel
that he did not sign the admission form. Appellant’s counsel renewed his objections on the
admissibility of the evidence. Appellant’s counsel also stated that he was not alleging any bad faith
on the part of the State. The trial court found that the notice given to appellant was reasonable in
that “it was given within just a few minutes after the State became aware of this.” The trial court 
granted a recess for appellant to interview the State’s witness on appellant’s gang affiliation.
            The State then called Abel Siller, security threat group officer for the Texas Department of
Criminal Justice, to testify concerning appellant’s affiliation with a prison gang. Officer Siller
testified that appellant was a confirmed member of a prison gang. Officer Siller also presented
documentation which included a “self-admission” form signed by appellant stating that he was a
member of a gang. Appellant testified at the punishment phase of the trial that he was not a member
of a prison gang and that he did not sign the “self-admission” form. 
            Appellant argues that the trial court should not have admitted the evidence of gang affiliation
because he was not given reasonable notice. TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(a)(1)
(Vernon Supp. 2004) provides that, at the punishment phase of the trial, evidence may be offered by
the State and the defendant as to any matter the trial court deems relevant to sentencing. TEX.
CODE CRIM. PRO. ANN. art. 37.07, § 3(g) (Vernon Supp. 2004) states that:
            On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule 404(b), Texas
Rules of Criminal Evidence....The requirement under this subsection that the attorney
representing the state give notice applies only if the defendant makes a timely request
to the attorney representing the state for the notice.
 
Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible “provided
that upon timely request by the accused in a criminal case, reasonable notice is given in advance of
trial.” 
            Appellant requested that the State provide him with notice of the State’s intent to introduce
evidence pursuant to Rule 404(b) at the guilt/innocence phase or punishment phase of the trial. 
Appellant’s motion did not request notice pursuant to Article 37.07, section 3(g). See Williams v.
State, 933 S.W.2d 662 (Tex.App. - Eastland 1996, no pet’n).
            Article 37.07, section 3(g) requires notice to be given in the same manner as in Rule 404(b). 
Rule 404(b) requires “reasonable notice.” Because these rules provide only minimal details
regarding the manner in which notice is given, the reasonableness of the State’s notice turns on the
facts and circumstances of each individual case. Scott v. State, 57 S.W.3d 476, 480 (Tex.App. -
Waco 2001, pet’n ref’d). The trial court’s decision to admit extraneous offense evidence during the
punishment phase of a trial is reviewed under an abuse of discretion standard; therefore, we will not
reverse the trial court’s ruling if it was within the zone of reasonable disagreement. Scott v. State,
supra. The State did not learn of appellant’s alleged membership in a prison gang until the trial
began. Upon learning of the evidence, the State immediately provided appellant with notice of its
intent to admit the evidence. The trial court allowed appellant a recess to interview Officer Siller,
the State’s witness providing the evidence. Because of the unique circumstances in this case, we find
that the trial court did not abuse its discretion in allowing the evidence. See Henderson v. State, 29
S.W.3d 616 (Tex.App. - Houston [1st. Dist.] 2000, pet’n ref’d).
            Moreover, appellant has not shown that any error in admitting the evidence resulted in harm
affecting his substantial rights. TEX.R.APP.P. 44.2(b); Roethel v. State, 80 S.W.3d 276, 281
(Tex.App. - Austin 2002, no pet’n). The State admitted evidence at the punishment phase of
appellant’s previous convictions. The State also admitted evidence of appellant’s numerous
disciplinary problems while incarcerated. Appellant testified at the punishment phase of the trial 
and denied being a member of the gang. The State’s evidence on appellant’s gang membership
consisted of the testimony that he was a member of the gang and that the gang is a “bad group of
people.” Appellant’s sole point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
March 4, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.