COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-171-CR

SANTIAGO OLIVAS CONTRERAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Olivas Contreras of aggravated sexual assault of a child under 14 years of age.  The jury assessed Contreras’s punishment at twenty years’ confinement.  In his sole point, Contreras contends that he is entitled to a new punishment hearing.  We affirm.

Contreras claims that despite his timely request for notice of the State’s intent to use prior convictions at punishment, the State failed to provide such reasonable notice.  At punishment the trial court admitted, over Contreras’s objection, a pen packet establishing that Contreras had two prior convictions for driving while intoxicated.

For purposes of our analysis, we will presume that the State’s notice, provided verbally to defense counsel on the first day of trial before voir dire commenced, was not reasonable.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (Vernon Supp. 2006) (requiring that on timely request of the defendant, notice of the State’s intent to introduce extraneous offense evidence under article 37.07, section 3(g) of the Texas Code of Criminal Procedure shall be given in the same manner required by Rule 404(b) of the Texas Rules of Evidence); 
see also Linder v. State
, No. 03-00-00624-CR, 2002 WL 1729554, *2-3 (Tex. App.—Austin 2002, pet. ref’d) (not designated for publication) (holding untimely State’s notice of intent to use at punishment two prior convictions when notice was given on second day of trial).  In the absence of reasonable notice, a trial court abuses its discretion by admitting extraneous offense evidence.  
Roethel v. State
, 80 S.W.3d 276, 283 (Tex. App.—Austin 2002, no pet.) ("Utterly failing to provide the required notice would automatically render the evidence inadmissible. . . . ").

Turning to the issue of harm, we are required to apply appellate rule 42.2(b)’s non-constitutional error standard of review 
when extraneous convictions are admitted improperly under article 37.07, section 3(g) at punishment.  
See 
Tex. R. Civ. P.
 42.2(b); 
Apolinar v. State
, 106 S.W.3d 407, 414 (Tex. App.—Houston [1st Dist.] 2003) (reviewing error in admission of article 37.07, section 3(g) punishment phase extraneous offense evidence under rule 42.2(b)), 
aff'd
, 155 S.W.3d 184 (Tex. Crim. App. 2005); 
Roethel, 
80 S.W.3d at 281; 
see also Hernandez
 
v. State
, 176 S.W.3d 821, 824-25 (Tex. Crim. App. 2005) (analyzing harm in failure to provide 404(b) notice under rule 44.2(b) and "find[ing] helpful" the article 37.07, section 3(g) test for harm set forth in 
Roethel
).  Applying rule 
44.2(b), we are to disregard the error if it did not affect Contreras’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).
 

Because the lack of notice to a defendant does not render his prior convictions inherently unreliable, our harm analysis focuses on the actual effect of the State’s procedural noncompliance with the notice requirement.  
Hernandez
, 176 S.W.3d at 825
.  
The purpose of the notice requirement is to enable the defendant to prepare to meet the extraneous offense evidence.
  Thus, we analyze how the deficiency of the notice affected the defendant’s ability to prepare for the evidence.  
Id
.

The record contains no indication that the State’s failure to provide Contreras reasonable notice of the State’s intent to admit the DWI pen packets affected Contreras’s ability to respond to this extraneous offense evidence.  Contreras did not move for a continuance of the punishment hearing.  Further, Contreras’s attorney questioned the State’s witness regarding the pen packet and successfully established that Contreras had no criminal history subsequent to these two DWI convictions.
(footnote: 2)  The jury had the option of assessing a life sentence, but it assessed  punishment at twenty years’ confinement.  In short, nothing in the record indicates that the State’s failure to provide reasonable notice of its intent to introduce Contreras’s two prior DWI convictions damaged Contreras’s defense during the punishment phase of his trial.  
Accord
 
id. 
at 824-25.  Accordingly, we are required to disregard any error in the trial court’s punishment phase admission of the pen packet evidencing Contreras’s two prior DWI convictions.  
See
 
Tex. R. App. P.
 44.2(b).  We overrule Contreras’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and WALKER, JJ

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The pen packet indicated that Contreras committed the offenses of DWI on November 20, 1994 and on January 4, 1997.