# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00062-CR

**Larry Carl Johnson Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21.836, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Larry Carl Johnson, Jr. of aggravated robbery, *see* Tex. Penal Code Ann. § 29.03 (West 2003), and the district court assessed punishment at twenty-five years in prison. Johnson argues that the district court erred in admitting evidence allegedly showing gang affiliation. We affirm the judgment of conviction.

On November 6, 2006, Larry Carl Johnson, Jr., Damion Jackson, and Justin Thomas robbed Sunny's Convenience Store in Rockdale, Texas. Jackson and Thomas entered the store while Johnson waited in their getaway car, described as a white Dodge Neon with damage to its passenger-side headlight. The car belonged to Johnson. The in-store video shows two men entering the store wearing hoodies and white gloves. Their faces are covered by black cloths, described as "do-rags." One of the men is carrying a pistol, which he points at the cashier, while the other man goes behind the counter to collect the money.

Once Jackson and Thomas had collected the money, they returned to the car where Johnson was waiting, and the three drove away at a high rate of speed. At least two witnesses observed a white Neon with damage to its passenger-side headlight traveling recklessly and at a high rate of speed shortly after the robbery. They testified to their observations at trial, including providing descriptions of the men they observed in the vehicle.

The next day, police in Brazos County attempted to initiate a traffic stop of a vehicle that was traveling at 82 miles per hour in a 55-mile-per-hour zone. The driver of the vehicle failed to stop. Police continued to pursue the vehicle until it eventually "wrecked out." The vehicle was a white Neon with damage to its passenger-side headlight, and the driver of the vehicle was identified as Johnson. When police stopped the car, an unidentified passenger also exited the vehicle and ran, but was apprehended.

Officers discovered almost $500 in cash on Johnson's person. From their inventory of the Neon, officers also recovered, among other items, a BB pistol, two sets of white gloves, a do-rag, four hoodies, and two two-way radios. Based on the description of the vehicle and the items recovered, they believed they had apprehended the man or men involved in the robbery in Rockdale the day before.

On April 19, 2007, Johnson was indicted for aggravated robbery while exhibiting a deadly weapon. On November 5, 2008, a jury convicted Johnson as charged. The district court assessed punishment at twenty-five years in prison.

In a single point of error, Johnson argues that the district court erred in admitting gang affiliation evidence. He complains of the admission of a drawing of something similar to a

grim reaper, on which the words "Gangsta Money" or "G-Money" were written. Johnson contends that this evidence was not relevant and that, even if relevant, was unfairly prejudicial.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). Unless the trial court's decision was outside the zone of reasonable disagreement, we uphold the ruling. *Id.*; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Johnson first objects to the admission of the evidence on relevance grounds. The rules of evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. Johnson argues that the evidence, offered by the State for the purpose of proving the identity of the driver of the Neon, was not relevant because "it is clear from the evidence and the record that 'identity' was not a contested issue in the case."

Contrary to Johnson's assertion, the identity of the driver was contested and, indeed, was one of the key contested points before the district court. Counsel for Johnson began his final argument at trial by stating to the jury that "there is nothing in evidence now that tends to connect my client with this crime other than the fact that it was his vehicle." Johnson had argued that—even though the Neon belonged to him—he could not be identified as the driver or as present in the vehicle when the robbery occurred.

The evidence admitted over Johnson's objection was a drawing that was found in the pocket of one of the hoodies that was recovered from the white Dodge Neon. The State argues that the presence of a drawing in one of the hoodies, on which "Gangsta Money" or "G-Money" was prominently drawn, tends to make more probable the fact that Johnson was the driver of the

3

vehicle and the mastermind behind the crime.[1]   Similar hoodies had been worn by the men

committing the robbery, and the hoodie was found in the car in close proximity in time to when the

robbery was committed.  There had been testimony that Johnson's nickname is "G-Money" as well

as photographic evidence linking him to this nickname.

We disagree with the State's contention that this evidence tends to make more likely

the fact that Johnson was the driver of the Neon.  Johnson admitted that the Neon was his and that

he was driving it the day after the robbery.  That a hoodie, possibly belonging to Johnson, was found

in the Neon at the time of the arrest the next day, when Johnson was indisputably driving the vehicle,

does not tend to make it more likely that Johnson had been the driver the previous day.

To the extent that the State argues that the evidence somehow shows that Johnson

was the mastermind behind the crime, it is undisputed the three men were friends and that

Johnson's nickname was "G-Money."  Other evidence, admitted without objection, suggests that the

three may have referred to themselves as "GMC," or "G-Money Clique," but it is unclear how this

drawing—on which "G-Money" was displayed—would corroborate such evidence.  It was not shown

that the hoodie in which the drawing was found was Johnson's or that the drawing was Johnson's,

and the drawing made no reference to "GMC" or to any sort of clique.  In these circumstances, we

cannot conclude the district court's decision to admit the evidence as relevant was within the zone

of reasonable disagreement. *See Shuffield*, 189 S.W.3d at 793.

---

[1]  Although the State attempts to use other evidence relating to the name "G-Money" to associate Johnson with Jackson and Thomas, the stated purpose of the evidence at issue here was to identify Johnson as the driver of the Neon when the robbery occurred.

However, even if the district court erred by admitting this evidence, Johnson has not demonstrated reversible error. The erroneous admission of evidence is not constitutional error. *Roethel v. State*, 80 S.W.3d 276, 281 (Tex. App.—Austin 2002, no pet.). Any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). An error affects a substantial right of the defendant when it has a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

According to Johnson, the evidence was prejudicial because gang affiliation evidence could have a tendency to show that Johnson "was a bad person and that he acted in conformity with his bad character." However, contrary to these assertions, nothing in the record connects these drawings to any sort of organized gang, and there is no indication that these drawings amount to any sort of gang affiliation evidence at all.

The district court admitted the drawings as one more means of showing Johnson's presence in the vehicle at the time the robbery occurred. When the drawings were introduced, the only accompanying testimony was that the drawings had been found in the Neon. In the opening to its final argument, the State explained:

> I want to talk a little bit about G-Money because that's been mentioned several times. Mr. Johnson, it's been established, went by the nickname G-Money. And what does that mean? It means he had a street name. It means that people knew him by that name.
>
> And we introduced this picture into evidence—both of these, actually. This one (indicating), you can read it. I don't know if you guys actually got to see it

5

yesterday or not. "Gangsta Money. Get money or die." Found in Mr. Johnson's car, G-Money.

The shirt Mr. Johnson is wearing, on the back, with Damion Jackson, "G-Money." G-Money "Get money. Get money or die." The State believes that he was involved. He was the driver, the mastermind.

In closing, the State further stated:

Larry [Johnson] is G-Money. The drawing, what does that mean? Is it some kind of gang symbol or some kind of symbol between the three of them that they're in some kind of a clique?

But we'll talk about the letter here.[2] The same thing is mentioned in the letter, "GMC." Damion testified the "C" can mean clique, Gangsta money Clique, G-Money Clique, the group of them together. That drawing is found in there. It's indicated in State's Exhibit 24A, 24B.

While, in closing, the State speculates that "G-Money" could be some sort of "gang symbol," nothing in the evidence about which Johnson complains suggests that Johnson was part of an organized gang or that "G-Money" referred to an organized gang.[3] Rather, it was presented solely to identify Johnson as the driver of the Neon. There was never any indication that any one of the three men involved in the robbery was involved in any sort of gang or that "G-Money" refers to any sort of organized gang. As even the State points out in its brief:

---

[2] The "letter" to which the State refers was a letter written by Jackson, one of the two who had robbed the store, to Thomas, the other of the two who had robbed the store, at a time when they were both previously in prison. The letter makes reference to "G-Money" and to "GMC." Johnson made no objection to the admission of this letter.

[3] The suggestion that "GMC" could be a "clique" was made in reference to Jackson's letter, which was admitted at trial without objection and about which Johnson does not complain on appeal.

6

[T]here was no evidence contained in the record which establishes that there is any organized group using the "grim reaper" as a symbol, or that there is any gang named "G-Money", [sic] "Gangsta Money", [sic] or "Gangsta Money Clique". [sic] Lastly, there was no evidence in the record that Appellant carried out any gang orders, had meetings, or established the goals or desires of any gang.

Johnson's argument that the evidence was unfairly prejudicial because it is gang affiliation evidence and tends to show bad character finds little support in the record. Not only was there no evidence that "G-Money" refers to an organized gang, there was also no evidence that the drawing, or even the hoodie in which it was found, belonged to Johnson, beyond the fact that the hoodie was recovered from his car. At most, by showing that the evidence lacked relevance, Johnson has shown that the evidence did not tend to prove or disprove any disputed fact. He has failed to show, however, that the evidence was prejudicial, and he has not demonstrated that his substantial rights were affected by its admission. Therefore, any error in the district court's admission of the drawings was not reversible error. *See* Tex. R. App. P. 44.2(b); *Garcia*, 126 S.W.3d at 927. We affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 19, 2010

Do Not Publish