Opinion filed April 30,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00110-CR

                                                    __________

 

          Ricky Lee Link a/k/a Ricky Lee Link LINI,
Appellant

 

                                                             V.

 

                                      State of Texas, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 17453B

 



 

M e m o r a n d u m   O P I N I O N

 

            Ricky
Lee Link a/k/a Ricky Lee Link Lini, appellant, was charged with the felony offense
of driving while intoxicated (three or more prior convictions related to the
operation of a motor vehicle while intoxicated) with one prior felony
enhancement paragraph. Appellant entered a plea of not guilty to the charge of
driving while intoxicated.  He pleaded true to the enhancement paragraph.  The jury
found appellant guilty, found the enhancement paragraph to be true, and
assessed his punishment at fifteen years confinement in the Institutional
Division of the Texas Department of Criminal Justice and a fine of $10,000.  We
affirm.

            In
his first issue, appellant asserts that the trial court erred when it allowed
the arresting officer to give opinion testimony as to appellant’s intent.  In
his second issue, appellant asserts that the trial court erred when it allowed
the arresting officer to testify that appellant told her that he ran from the
officer because he was on parole. 

Background
Facts

            On
June 5, 2009, Officer Aron Bryan was on routine patrol in the 1200 block of
North Mockingbird when she noticed that the registration sticker on appellant’s
vehicle had expired. She turned on her overhead lights and attempted to stop appellant. 
Appellant continued driving to the next block, pulled into the left lane, and
stopped in the left-turn lane at a traffic light at Mockingbird and North 10th
Street.  Officer Bryan assumed that appellant was attempting to turn off
Mockingbird, a busy street, so that she could complete the stop away from the
traffic. Instead of pulling over on North 10th Street, appellant took an abrupt
left turn and continued driving north on Fannin.  When Officer Bryan saw appellant
take the turn at a high rate of speed and almost hit a parked car, she
concluded that he was driving recklessly and turned off her overhead lights.  Officer
Bryan assumed that appellant was attempting to flee, and it is the policy of
her department not to chase suspects when a felony has not been committed in
the officer’s presence.

            As Officer
Bryan continued to follow appellant, her overhead lights remained off.  At the
end of the block, appellant stopped his vehicle in the middle of the road at a
stop sign and got out.  Officer Bryan got out of her vehicle as well and began
walking toward appellant.  When appellant began walking away, Officer Bryan
ordered him to stop.  Appellant threw his hands up at Officer Bryan and then began
to run away from her.  Officer Bryan testified that she believed the gesture
indicated appellant was going to fight her.  Officer Bryan grabbed appellant’s
arm, and they wrestled in the street as he continued to try to run away.  They
both tripped over a curb and fell to the ground.  Officer Bryan said that appellant’s
level of intoxication impaired his ability to flee and his ability to fight
her.  As Officer Bryan placed handcuffs on appellant, she noticed a strong odor
of alcohol emanating from him.  His speech was slurred, and his eyes were
bloodshot.

            Officers
Adam Becker and Cati Shriver had begun to follow Officer Bryan when they saw
her turn on her overhead lights at the onset of the attempted stop.  They saw appellant
run from his vehicle and Officer Bryan catch him and attempt to tackle him. 
Officer Becker assisted Officer Bryan in subduing appellant; Officer Shriver
went to speak with appellant’s passenger. After appellant was subdued, Officer Bryan
asked him why he ran from her.  He replied, “[B]ecause I’m on parole.”

            Field
sobriety tests were not completed at the scene because appellant was deemed a
flight risk.  At the Taylor County Jail, appellant refused to participate in an
interview, to com-plete field sobriety tests, or to provide a breath or blood
sample.  

            Appellant’s
passenger, Christopher Shawn Dickinson, was a hostile witness at trial and
testified that he did not remember what he said to the officers that night.  Officers
Shriver and Becker testified that Dickinson told them that he and appellant had
been drinking and smoking marihuana at a friend’s house and were on their way
to Walgreens.   

            Stephanie
Rollins, a forensic specialist with the Abilene Police Department, testified
that appellant’s fingerprint card matched the prints found in State’s Exhibit Nos.
3 and 4, prior convictions for DWI.

Standard
of Review

            We
review a trial court’s decision to admit or exclude evidence under an abuse of
discretion standard.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim.
App. 2005); Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991).
 We reverse only when the trial court’s decision was so clearly wrong as to
fall outside the zone of reasonable disagreement.  Oprean v. State, 201
S.W.3d 724, 726 (Tex. Crim. App. 2006) (citing Montgomery, 810 S.W.2d at
391).  We uphold the trial court’s ruling if it is reasonably supported by the
record and correct under any theory of law applicable to the case.  See
Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

Issue
One

            Appellant
argues that the trial court erred when it allowed Officer Bryan to testify,
over defense counsel’s objection, as to appellant’s intent to fight the
officers at the time of the arrest. Appellant asserts that this testimony was a
speculative opinion as to his mental state and was not based on personal
knowledge.  He also asserts that this testimony attributed to him an intent to
engage in acts that would constitute an extraneous offense or bad act not
relevant to the charge for which he was on trial.

            The
testimony of which appellant complains took place during the following exchange
between Officer Bryan and the State’s counsel:

            BRYAN: .
. .  I told him to stop, and he threw his hands up at me and then he took off
running. 

 

                        Q. What
do you mean he threw his hands up?

 

                        A. Threw
his hands up like this (gesturing).

 

                        Q. Did
that indicate to you that he was going to comply with the stop?

 

                        A. No.

 

                        Q. More
like he was going to fight or what happened?

 

                        A. Yes.

 

                                    .
. . .

 

                        Q. So it
was your opinion that he was going to fight you?

 

                        A. Yes.

 

            The testimony
of a police officer based on her experience is admissible as a lay opinion.  Osbourn
v. State, 92 S.W.3d 531, 536–37 (Tex. Crim. App. 2002).  The witness’s
testimony can include opinions, beliefs, or inferences as long as they are
drawn from his or her own experiences or observations.  Id. at 535.  Perceptions
refer to a witness’s interpretation of information acquired through his or her
own senses or experiences at the time of the event (i.e., things the witness
saw, heard, smelled, touched, felt, or tasted).  Id. 

            Officer
Bryan was not speculating about appellant’s inner thoughts, she was drawing an
inference from her personal observation of his demeanor and actions.  He raised
his hands in what she perceived as a threatening gesture.  Her testimony concerned
her own belief that he intended to fight her and the other officers, and this
was an inference drawn from her own observations.  This information was
relevant.  It did not describe an extraneous offense or bad act but, rather, appellant’s
actions during the incident for which he was on trial.  The inclusion of this
information was not so prejudicial that it should have been excluded on that
ground.  The testimony was brief and unembellished.  It was also presented alongside
copious evidence that appellant was intoxicated, was driving a vehicle in such
a state, and attempted to flee from the police.  In this context, evidence that
he made a brief threatening hand gesture was not likely to have unduly influenced
the jury.  The trial court did not abuse its discretion by allowing this testimony.
 Appellant’s first issue is overruled.




 

Issue
Two

            Appellant
asserts that the trial court erred when it allowed Officer Bryan to testify
that appellant told her that the reason he ran away from her was because he was
on parole.  Evidence of other crimes, wrongs, or acts is not admissible to
prove the character of a person in order to show action in conformity
therewith. Tex. R. Evid. 404(b).  However,
if the evidence has relevance apart from character conformity, Rule 404(b)
permits the admission of the evidence.  Id.  Appellant contends that the
testimony had no relevance apart from character conformity and that it was not
within the zone of reasonable disagreement to allow the jury to hear it. 

            However,
assuming without deciding that the inclusion of this testimony was error, we find
any error to be harmless.  The erroneous admission of evidence of an extraneous
offense is nonconstitutional error.  Roethel v. State, 80 S.W.3d 276,
281 (Tex. App.—Austin 2002, no pet.); Johnson v. State, 84 S.W.3d 726,
729 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Accordingly, we must
disregard the error unless it affects appellant’s substantial rights.  See
Tex. R. App. P. 44.2(b); Roethel,
80 S.W.3d at 281. A substantial right is affected when the error had a
substantial and injurious effect or influence on the jury’s verdict.  See
Casey v. State, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Substantial rights are
not affected by the erroneous admission of evidence if, after examining the
record as a whole, we have fair assurance that the error did not influence the
jury, or had but a slight effect.  Motilla v. State, 78 S.W.3d 352, 355
(Tex. Crim. App. 2002).

            Our
review of the entire record includes reviewing any testimony or physical
evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, the character of the alleged error, and how the alleged
error might be considered in connection with the other evidence in the case.  Id.
 We may also consider the jury instructions, the State’s theory and any
defensive theories, the emphasis placed on the erroneously admitted evidence, closing
arguments, and voir dire, if applicable.  Id. at 355–56.

            Here,
the erroneously admitted testimony was unembellished and brief.  The jury was
not told why appellant was on parole.  Meanwhile, the evidence supporting the
verdict was substantial.  Appellant did not pull over when Officer Bryan turned
on her overhead lights.  He almost hit a parked car while accelerating into a
turn.  He left his car in the middle of the road, ran from it, and then turned
and made a threatening hand gesture toward the officer who was chasing him.
Officer Bryan noticed that appellant’s movements were impaired, that there was
a strong odor of alcohol about his person, that his speech was slurred, and that
he had bloodshot eyes.  He wrestled with a police officer.  His passenger told
Officers Shriver and Becker that the two had been drinking and smoking marihuana.
 In light of this evidence, we believe that the brief mention of appellant’s
parole status had but a slight effect on the jury’s decision, if any effect at
all.

            Considering
the record in its entirety, we conclude that any error in admitting evidence of
appellant’s status as a parolee did not have a substantial and injurious effect
or influence on the jury’s verdict and, thus, did not affect appellant’s
substantial rights. See Casey, 215 S.W.3d at 885; King, 953
S.W.2d at 271.  Accordingly, we hold that any error is harmless and should be
disregarded.  See Rule 44.2(b); Roethel, 80 S.W.3d at 281. 
Appellant’s second issue is overruled.

            The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

April 30, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.