

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00098-CR

Raymond **MANN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CR-5447
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 19, 2020

AFFIRMED

Raymond Mann appeals his conviction for aggravated assault against a public servant. In two issues, Mann contends the evidence is insufficient to sustain his conviction and the trial court erred by allowing extraneous offense evidence against him during the punishment phase of trial. We affirm the trial court's judgment.

### BACKGROUND

On February 26, 2017, San Antonio Police Department (SAPD) Officers Robert Dupee and Rickeesia Moore assisted Kirby Police Department (KPD) with a situation involving a robbery

suspect who ran from KPD. After 7:00 p.m. that evening, Officers Dupee and Moore were dispatched to the 7100 block of Northeast Loop 410 to investigate reports of a suspicious person who also matched the description of the earlier robbery suspect. When the officers arrived at the location, the suspicious person, who was later identified as Mann, was walking along Loop 410, and the officers parked their marked patrol vehicle on the access road. Using the vehicle's PA system, Officer Dupee directed Mann to get off the highway and come to the vehicle. Mann continued to walk away from the officers but, after again being directed to stop, Mann stopped and walked to the officers' vehicle. Officer Dupee instructed Mann to place his hands on the hood of the vehicle. Mann did not place his hands on the vehicle. As Mann exhibited behavior that he intended to run, Officer Dupee placed his hand on his taser. Mann backed away from the officers and began to run away.

Officer Dupee saw Mann reach into his right pocket as he ran away. According to Officer Moore, when Mann turned back toward the officers "he drew and aimed." Officer Dupee saw Mann pull "something shiny" from his pocket. When Mann turned back toward the officers, Officer Dupee "had a good bead on him" and "tased him." According to Officer Dupee, he had heard what he described as a metallic click that he associated with a weapon being fired. Although Officer Dupee initially thought Mann held a cell phone, Officer Dupee realized the item Mann pulled from his pocket was a gun after Mann was incapacitated by the taser.

SAPD officers subsequently arrested Mann, who was later indicted for aggravated assault against a public servant. A jury convicted Mann of the indicted offense. Based upon the jury's recommendation, the trial court sentenced Mann to twenty years' imprisonment.

ANALYSIS

**Sufficiency of the Evidence**

Mann contends the evidence is insufficient to support his conviction for aggravated assault against a public servant "because there was no evidence that [Mann] intended to cause apprehension of imminent bodily injury. . . ."

*Standard of Review*

When examining the sufficiency of the evidence supporting a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). As the factfinder, the jury is permitted to draw any reasonable inferences from the evidence so long as the inferences are supported by the record. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015). A person's acts and conduct are generally reliable circumstantial evidence of intent. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). "As long as the verdict is supported by a reasonable reference, it is within the province of the factfinder to choose which inference is most reasonable." *Id*. at 523.

*Applicable Law*

A person commits the offense of assault if the person intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2). A person commits aggravated assault if the person commits the offense of assault as described in section 22.01 of the Penal Code and uses or exhibits a deadly weapon during the commission of the assault. *Id*. § 22.02(a)(2).

The Penal Code instructs that "[a] person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire

to engage in the conduct." TEX. PENAL CODE ANN. § 6.03(a). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id*. "Threatens" is not defined in the Penal Code, but the Court of Criminal Appeals has recognized the plain language of section 22.01(a)(2), and past jurisprudence indicates threat requires proof that, by his conduct, a defendant intended to cause an apprehension of imminent bodily injury. *See Teeter v. State*, PD-1169-09, 2010 WL 3702360, at *6 (Tex. Crim. App. Sept. 22, 2010) (not designated for publication). "Imminent" is also not defined in the Penal Code, but the Court of Criminal Appeals has defined the term to mean "ready to take place, near at hand, hanging threateningly over one's head, menacingly near." *Garcia v. State*, 367 S.W.3d 683, 689 (Tex. Crim. App. 2012) (internal citations omitted). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8). "The gist of the offense of assault as set out in [the Penal Code] is that one acts with intent to cause a reasonable apprehension of imminent bodily injury (though not necessarily with intent to inflict such harm)." *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

### *Discussion*

The focus of Mann's sufficiency challenge is whether Mann intended to cause apprehension of imminent bodily injury.[1] Specifically, Mann argues we should find the evidence insufficient to support this element because Officer Dupee's testimony that he initially thought

---

[1] Because we are not required to address issues which are not briefed, we focus solely on that element of the offense. *See Johnson v. State*, 583 S.W.3d 300, 307 n.4 (Tex. App.—Fort Worth 2019, pet ref'd) (citing *Burks v. State*, No. PD-0992-15, 2017 WL 3443982, at *1 (Tex. Crim. App. June 28, 2017) (op. on reh'g) (not designated for publication).

Mann held a cell phone showed Officer Dupee did not perceive a threat. "[T]here is no statutory requirement that a victim must instantaneously perceive or receive that threat of imminent bodily injury as the actor is performing it." *Olivas v. State*, 203 S.W.3d 341, 350–51 (Tex. Crim. App. 2006). "[T]he focus is not on a victim's perception of the defendant's conduct, but rather on the conduct itself." *Teeter*, 2010 WL 3702360, at *5. A defendant's intent or knowledge is a question of fact to be determined from a totality of the circumstances including the defendant's acts, words, and conduct. *See Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018); *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

Here, the jury heard testimony from both Officer Dupee and Officer Moore regarding the events surrounding the offense. The jury also viewed video footage from both officers' body cameras. The evidence presented during trial established that when Mann ran from the officers, he reached into his pocket. Officer Dupee testified that Mann's act placed him on heightened alert. According to Officer Dupee, Mann pulled "something shiny" out of his pocket. Officer Dupee further testified that when Mann turned back toward the officers, Officer Dupee "heard a distinct click of like a hammer hitting a gun … ." After Officer Dupee used his taser on Mann, both officers saw that Mann dropped a gun. Officer Dupee also testified he believed Mann "was going to try to shoot [him] or [his] partner …" and was angry because of it.

When all the evidence is viewed in the light most favorable to the verdict, a rational jury could have reasonably found from Mann's acts and conduct that Mann intended to cause Officer Dupee reasonable apprehension of imminent bodily injury. Consequently, we conclude the evidence in this case is sufficient to sustain the jury's finding that Mann committed the offense of aggravated assault against a public servant.

Issue one is overruled.

**Extraneous Offenses**

In his second issue, Mann contends the trial court committed error by allowing the State to introduce extraneous offenses against him during the punishment phase without proper notice. Mann argues the State's amended notice was unreasonable under the facts and circumstances of the case. Mann further argues the admission of the unadjudicated bad acts violated Texas Rule of Evidence 403 because the danger of unfair prejudice substantially outweighs the probative value of the evidence.

### *Standard of Review*

We review a trial court's decision to admit evidence of extraneous offenses, including its decision as to whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, for an abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). As long as the trial court's decision falls within the zone of reasonable disagreement, we will affirm the decision. *Id*. If an abuse of discretion is found because the notice was unreasonable, a harm analysis is required under Texas Rule of Appellate Procedure 44.2. *See* TEX. R. APP. P. 44.2.

### *Applicable Law*

Upon timely request of a defendant, the State is required to provide notice that it intends to introduce evidence at punishment of the defendant's other crimes or bad acts during its case-in-chief. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1), (g). The notice is to be given in the manner required by Rule 404(b) of the Texas Rules of Evidence. *Id*., § 3(g). Further:

> If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if

the defendant makes a timely request to the attorney representing the state for the notice.

*Id*.

The purpose of the notice requirement is to avoid unfair surprise and enable a defendant to prepare to meet the extraneous offense evidence. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.) (when assessing harm, considering whether the defendant was surprised and whether the surprise affected his ability to prepare for cross-examination or present mitigating evidence), *cited in Hernandez v. State*, 176 S.W.3d 821, 824–25 (Tex. Crim. App. 2005) (analogizing to *Roethel* when the State did not provide adequate notice of extraneous offenses under Rule 404 of the Texas Rules of Evidence); *see also Segovia v. State*, 467 S.W.3d 545, 553 (Tex. App.—San Antonio 2015, pet ref'd) (quoting *Roethel*, 80 S.W.3d at 282).

### *Discussion*

### History

Following Mann's timely request filed on October 23, 2017, the State provided Mann notice on May 22, 2018 of its intention to introduce evidence of extraneous offenses during the punishment phase, which included three unadjudicated bad acts. In an amended notice dated February 1, 2019,[2] the State provided Mann notice of twelve additional unadjudicated bad acts. Although not included in the record before us, the parties agree Mann objected to the amended notice as unreasonable prior to the beginning of voir dire. According to the parties, the trial court overruled Mann's objection.

---

[2] We note that February 1, 2019 fell on a Friday. The appellate record indicates voir dire began on Monday, February 4, 2019, and the punishment phase began on Wednesday, February 6, 2019. We additionally note that the amended notice is not included in the original clerk's record on appeal but was provided in a supplemental record. The copy of the amended notice contained in the supplemental record is not file-stamped to show when it was filed in the court below.

Mann again objected to the amended notice as unreasonable during the punishment phase. Outside the presence of the jury, Mann pointed out that some of the instances of unadjudicated bad acts occurred more than ten years in the past and that, at least one, did not include a year date. Mann reiterated the notice was unreasonable because it did not allow enough time for investigation, which impeded his ability to cross-examine the witness. Mann also argued the unadjudicated bad acts contained in the notice were inadmissible under Texas Rule of Evidence 403. When the trial court pointed out Mann did not object on Friday, February 1, 2019, upon receipt of the amended notice, Mann informed the trial court he did not receive the notice until 7:20 p.m. Mann further requested the trial court perform an *in camera* review and evaluate the amended notice item-by-item. The trial court overruled Mann's objections to the amended notice and denied Mann's request for a running objection.

**No Harm**

We assume without deciding that the trial court erred by overruling Mann's objection to the State's amended notice as unreasonable and allowing admission of the extraneous unadjudicated bad acts listed in the amended notice. However, even assuming that the trial court erred, the record before us does not show harm.

Error in the admission of evidence is non-constitutional error. *Gonzalez*, 544 S.W.3d at 373. We disregard non-constitutional errors that do not affect a defendant's substantial rights. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 44.2(b); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). A substantial right is affected, i.e., the error is harmful, if the error had a substantial and injurious effect or influence in determining the jury's verdict. *See Morales*, 32 S.W.3d at 867. In the context of inadequate Article 37.07 notice, we evaluate harm in light of the statute's purpose to prevent surprise and enable the defendant to prepare to meet the extraneous offense evidence. *See Roethel*, 80 S.W.3d at 281–82; *cf. Hernandez*, 176 S.W.3d at 825 (applying *Roethel* harm

analysis to inadequate notice under Rule 404). The admission of inadequately noticed evidence is not "'injurious' if the defendant was not surprised by the evidence." *Hernandez*, 176 S.W.3d at 825; *see also Roethel*, 80 S.W.3d at 282.

Here, Mann argued to the trial court that the unreasonableness of the State's amended notice prevented him from adequately preparing, which impeded his ability to cross-examine the State's witness. The State's amended notice in this case identified only one witness through whom it intended to present the evidence of unadjudicated bad acts — C. Salazar, Mann's former common-law wife. In comparing Salazar's testimony to the amended notice, we note Salazar did not testify to all of the unadjudicated bad acts listed in the amended notice. With regard to the items listed in the amended notice about which Salazar testified, for the majority of the items, the State presented corresponding exhibits in the form of text and voicemail messages from Mann to Salazar. The remainder of Salazar's testimony related to items listed in the State's original notice. We additionally note that Mann did not request a continuance so he could prepare to meet the extraneous offense evidence. *See McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005) (reasoning that the defendant did not suffer harm from a lack of notice under Rule 404 in part because if the defendant had been surprised, he "could have requested a continuance").

Further, the record shows Mann cross-examined Salazar regarding the "toxic relationship" between the couple and attempted to elicit testimony regarding the correlation of Mann's alcohol and drug use to the events about which Salazar testified. Mann testified on his own behalf during the punishment phase, and stated Salazar lied regarding her allegations of sexual assault. However, Mann acknowledged striking Salazar in front of their children and engaging in family violence. We further note Mann presented testimony from Mann's long-time family friend, his nephew, and his sister, through which the witnesses acknowledged Mann's past behavior and drug and alcohol use, and attempted to discredit Salazar's testimony.

There is no indication in the record before us that Mann was surprised by the State's desire to introduce evidence of the additional unadjudicated bad acts or that he was unable to meet the evidence against him. If there had been legitimate surprise that required Mann to reevaluate his trial strategy during the punishment phase, Mann could have requested a continuance to prepare to meet the extraneous offense evidence, which he did not do. *See McDonald*, 179 S.W.3d at 578. Nor has Mann explained how, because of the State's failure to give reasonable notice, he was unable to prepare a defense in this case. *See Hernandez*, 176 S.W.3d at 826. Additionally, the record does not reflect that Mann's ability to develop a trial strategy or prepare a defense was adversely affected. Accordingly, we conclude that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. Therefore, the error must be disregarded. *See* TEX. R. APP. 44.2(b).

**Rule 403**

Mann additionally complains that the admission of the unadjudicated bad acts listed in the State's amended notice violated Texas Rule of Evidence 403 because the danger of unfair prejudice substantially outweighs the probative value of the evidence. Although Mann's brief includes a brief discussion of the legal requirements and the balancing test employed by appellate courts relevant to Rule 403, the brief fails to include any analysis, argument, or citation to the record to support his contention that the trial court erred by failing to exclude this evidence. We are under no obligation to make Mann's arguments for him. *See Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (an appellate court has no obligation "to construct and compose" a party's "issues, facts, and arguments with appropriate citations to authorities and to the record" (internal citations omitted)). Accordingly, we conclude this portion of Mann's second issue is inadequately briefed and presents nothing for our review. TEX. R. APP. P. 38.1

Issue two is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH