

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00120-CR

_____

CHARLES RAY MILLER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423717

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Charles Ray Miller pled guilty to indecency with a child by sexual contact for lewd acts committed against his niece, K.M. Hoping for leniency, Miller chose to proceed with trial by jury on the issue of punishment. K.M. was twenty-one years old at the time of the punishment trial and provided detailed testimony about the sexual abuse she suffered at Miller's hands. During the State's case-in-chief, K.M. informed the jury that Miller would often molest her while watching pornography. Miller testified in his own defense and, during rebuttal, his great-niece, P.J.C., testified that when she was approximately eleven years old, Miller watched pornography with her, made her sit in his lap, and "put his tongue in [her] mouth."[1] Pursuant to the jury's assessment following the punishment trial, Miller was sentenced to twenty years' imprisonment. On appeal, Miller argues (1) that counsel rendered ineffective assistance in failing to request an instruction requiring the jury to find that extraneous offenses were committed beyond a reasonable doubt, and (2) that his counsel rendered ineffective assistance in failing to object to P.J.C.'s testimony on the ground that the State failed to provide adequate

_____

[1]Article 37.07 of the Texas Code of Criminal Procedure provides,

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014).

notice of the intent to introduce the extraneous offense testimony. We affirm the trial court's judgment because we find that Miller received effective assistance of counsel.[2]

To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Failure to make either one of these required showings defeats an ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

We begin our analysis with the rule that any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). From the record received by this Court, which does not include an explanation of counsel's reasoning, Miller bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Rarely will a reviewing court be provided a record on direct appeal that allows for a comprehensive evaluation of the merits of an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the

---

[2]In companion cases 06-14-000121-CR through 06-14-00129-CR, Miller appeals nine other convictions of indecency with K.M. by contact on the same ground raised in this appeal. By opinions released with this opinion, we affirm those cases as well. Miller's sentences on all of his convictions run concurrently.

record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14.

With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of Miller's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

Miller's first contention is that counsel rendered ineffective assistance in failing to request an instruction requiring the jury to find that extraneous offenses were committed beyond a reasonable doubt. However, the instruction was included; specifically, the jury was told "not to consider any evidence of any particular wrongful act unless [it found], beyond a reasonable doubt, that the defendant did, in fact, commit that wrongful act." Miller's brief does not argue that counsel should have requested the instruction before or during P.J.C.'s testimony. However, even if we were to interpret Miller's brief to raise this complaint, (1) Miller cannot meet the first *Strickland* prong because counsel could have chosen to omit the request to prevent perking up the jury's ears and drawing further attention to the extraneous offense; and (2) Miller cannot meet the second *Strickland* prong since the jury received the proper instruction in the charge. *See McNeil v. State*, No. 01-13-00234-CR, 2014 WL 6601514, at \*5 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, no pet. h.).

4

Miller's second argument relies on the failure to comply with the statutory-notice requirement. Section 3(g) of Article 37.07 provides,

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (West Supp. 2014). Before the commencement of the punishment trial, the State filed an amended notice of extraneous acts notifying Miller that it intended to introduce evidence that he "would watch pornography with his great niece, [P.J.C.]." Miller argues that his counsel should have objected to P.J.C.'s testimony on the ground the State's notice was inadequate because it failed to state the date on which and the county in which the act occurred.

However, failure to comply with Section 37.07 does not render extraneous-offense evidence per se inadmissible. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.). Unlike the Rules of Evidence, "[t]he notice requirement found in section 3(g) . . . does not relate to the substantive admissibility of the evidence." *Id.* Rather, because the "purpose of the notice requirement is to enable the defendant to prepare to meet extraneous offense evidence," a deficiency in the notice is analyzed on how it affected a defendant's ability to prepare for the evidence. *Id.*; *see James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no pet.).

5

Here, P.J.C. was included on the State's witness list, and Miller, who offered information about the extraneous offense during his cross-examination, demonstrated that he was aware of the extraneous offense. Thus, counsel could have decided not to object on the ground of inadequate notice because no continuance was needed on the basis of surprise or because the deficiency in the State's notice did not otherwise affect Miller's ability to prepare for the extraneous-offense evidence.

Moreover, counsel could have also determined that notice was not required because P.J.C.'s testimony was presented in rebuttal. The State rested its case-in-chief after presenting K.M. and her father's testimony. No evidence of any extraneous offenses or bad acts against P.J.C. had been admitted by the State at that time. Miller then chose to testify in his defense. During his direct testimony, Miller stated that he watched pornography during the time period described by K.M., that he had no problems with pornography before that time, and that he had not possessed pornography since 2009. During his cross-examination, Miller engaged in the following discussion with the State:

Q.	Who else did you watch porn with?

A.	Nobody.

Q.	What other girl did you watch it with?

A.	None.

Q.	You sticking with that?

A.	Yeah. As far as I can remember, none.

Q.      Well, I don't want you to stretch your memory too hard.  Does it pop into your head any other child you might have watched pornography with?  I think -- I'm just jumping out on a limb here, but I think you might remember that.

A.  Maybe [K.M.] -- I mean -- not [K.M.].  P. J.

        THE COURT:  Use the microphone, Mr. Miller.

A.      P. J.

Q.      (By Mr. Ramsay)  Maybe P. J.?

A.      Uh-huh.

Q.      Maybe the 11-year-old [P.J.C.].  Maybe P. J.  You know exactly that you watched pornography with P. J.  Why are you making me drag this out of you?

A.      Because -- I don't know.

It was not until after Miller left the witness stand that the State called P.J.C. as a witness.

During punishment, extraneous bad acts shown beyond a reasonable doubt are admissible. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). "A defendant is only entitled to pretrial notice of extraneous offenses or bad acts which the State would offer in its case-in-chief, not any the State may adduce in cross-examination of defense witnesses, or in the State's rebuttal case." *Wilson v. State*, 179 S.W.3d 240, 253 (Tex. App.—Texarkana 2005, no pet.) (citing *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002)). Thus, because P.J.C.'s testimony was not offered during the State's case-in-chief, counsel could have decided Miller was not entitled to pretrial notice.

Because we can fathom reasonably sound reasons why counsel might have decided not to object on the ground that Miller did not have adequate notice of the State's intent to introduce the extraneous offense involving P.J.C., we find that Miller has not met the first *Strickland*

7

prong.  Additionally, based on the record before us, which included K.M.'s detailed testimony of numerous instances of sexual abuse committed by Miller, Miller has not shown the result of the proceeding would have been different had counsel lodged an objection based on the statutory-notice requirement of Section 3(g) of  Article 37.07 of the Texas Code of Criminal Procedure.

We overrule Miller's ineffective assistance of counsel complaint and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:    December 11, 2014
Date Decided:      December 12, 2014

Do Not Publish

8