ACCEPTED
07-17-00077-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/6/2017 4:46 PM
Vivian Long, Clerk

Nos. 07-17-00077-CR & 07-17-00078-CR

IN THE

COURT OF APPEALS

FOR THE

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

9/6/2017 4:46:28 PM

VIVIAN LONG
CLERK

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

---

JEREMY WILLIAM AMERO,
APPELLANT

V.

THE STATE OF TEXAS

---

ON APPEAL IN CAUSE NO. 26,245-A

FROM THE 47th DISTRICT COURT

OF RANDALL COUNTY, TEXAS

HONORABLE DAN SCHAAP, JUDGE PRESIDING

---

BRIEF FOR THE STATE OF TEXAS

---

JAMES A. FARREN
CRIMINAL DISTRICT ATTORNEY
RANDALL COUNTY, TEXAS

KRISTY WRIGHT
SBN 00798601
kristy.wright@randallcounty.com
ASST. CRIMINAL DISTRICT ATTORNEY
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015
(806) 468-5570
FAX (806) 468-5566
ATTORNEYS FOR THE STATE

**STATE REQUESTS ORAL ARGUMENT IF REQUESTED BY THE APPELLANT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                      3-4

THE CASE IN BRIEF                                         5

STATE'S COUNTERPOINT

## COUNTERPOINT NO. 1

NO ABUSE OF DISCRETION HAS BEEN SHOWN AND ANY VIOLATION OF ARTICLE 37.07 WAS RENDERED HARMLESS. MOREOVER, THE COMPLAINTS IN ISSUE ONE WERE NOT PRESERVED FOR APPELLATE REVIEW.

STATEMENT OF FACTS                                       6-9

COUNTERPOINT NO. 1
    RESTATED                                         10
    STATEMENT OF FACTS                               10-14
    SUMMARY OF THE ARGUMENT                          14
    ARGUMENT                                         15-26

PRAYER                                                   27

CERTIFICATE OF COMPLIANCE                                27

CERTIFICATE OF SERVICE                                   28

# INDEX OF AUTHORITIES

## TEXAS CASES

*Chambers v. State*, 2011 WL 2652252, No. 01-10-00317-CR     20
(Tex.App.—Houston [1st Dist.] 2011, pet. ref'd) (not reported)

*Corley v. State*, 987 S.W.2d 615     25
(Tex.App.—Austin 1999, no pet.)

*Huizar v. State*, 12 S.W.3d 479     25, 26
(Tex.Crim.App. 2000)

*Kucel v. State*, 1998 WL 34193983, No. 11-97-071-CR     20
(Tex.App.—Eastland 1998, no pet.) (not reported)

*Luna v. State*, 301 S.W.3d 322     24
(Tex.App.—Waco 2009, no pet.)

**Mitchell *v. State***, 931 S.W.2d 950     15
(Tex.Crim.App. 1996)

*Palomo v. State*, 352 S.W.3d 87     19, 24, 25
(Tex.App.—Houston [14th Dist.] 2011, pet ref'd)

*Rezac v. State*, 782 S.W.2d 869     17, 18
(Tex.Crim.App. 1990)

*Roethel v. State*, 80 S.W.3d 276     22
(Tex.App.—Austin 2002, no pet.)

*Salazar v. State*, 38 S.W.3d 141     15
(Tex.Crim.App. 2001)

*Sanders v. State*, 422 S.W.3d 809     19
(Tex.App.—Fort Worth 2014, pet. ref'd)

*Thomas v. State*, 723 S.W.2d 696     17
(Tex.Crim.App. 1986)

***Thompson v. State***, 4 S.W.3d 884                                      24, 25
   (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd)

***Weatherred v. State***, 15 S.W.3d 540                                   15
   (Tex.Crim.App. 2000)

***Wham v. State***, 2011 WL 4413745, No. 02-09-00390-CR                   18
   (Tex.App.—Fort Worth 2011, pet. ref'd) (not reported)

**TEXAS STATUTES**

Texas Rules of Appellate Procedure, Rule 33.1(a)(1)                        18, 20

Texas Rules of Appellate Procedure, Rule 44.2(b)                          22, 24

Texas Code of Criminal Procedure, Article 37.07                           16, 17, 18,
                                                                          19, 20, 21,
                                                                          23, 24, 25,
                                                                          26

Texas Code of Criminal Procedure, Article 37.07(3)(a)(1)                  15

Texas Code of Criminal Procedure, Article 37.07(3)(g)                     16, 22

Nos. 07-17-00077-CR & 07-17-00078-CR
IN THE
COURT OF APPEALS
FOR THE
SEVENTH JUDICIAL DISTRICT OF TEXAS
AMARILLO, TEXAS

JEREMY WILLIAM AMERO,
APPELLANT
V.
THE STATE OF TEXAS

TO THE HONORABLE COURT OF APPEALS:

Comes now, the State of Texas in the above styled and numbered causes and files this brief in response to the brief of Appellant, Jeremy William Amero. Appellant was convicted of two offenses for aggravated assault with a deadly weapon in 47th District Court of Randall County, the Honorable Dan Schaap, Judge presiding.

**THE CASE IN BRIEF**

| | |
|---|---|
| THE CHARGES | TWO COUNTS OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON |
| THE PLEAS | GUILTY TO BOTH COUNTS |
| THE VERDICTS (JUDGE) | GUILTY OF BOTH COUNTS |
| THE PUNISHMENTS (JUDGE) | TEN (10) YEARS IN PRISON FOR EACH COUNT AND SENTENCES ORDERED TO RUN CONCURRENTLY |

## STATEMENT OF FACTS

On October 28, 2016, appellant pled guilty to two counts of aggravated assault with a deadly weapon as alleged in the indictment of Cause No. 26,245-A. (CR.I-85-90, 95, 97). Although appellant pled guilty to these offenses, there was no plea agreement. (CR.I-87). In January and February of 2017, several hearings were held in order for the trial judge to determine punishment. At these hearings, the trial judge heard evidence that appellant: 1) committed an extraneous offense on June 8-9, 2016, 2) had a tumultuous relationship with his girlfriend (Rory), 3) abused alcohol and steroids, and 4) had anger and mental issues. (RR.II-14, 56-58, 64-66, 77-80, 96); (RR.III-14-15, 20, 27, 29); (RR.V-State's Exhibit 11).

Appellant committed the aggravated assault offenses alleged in the indictment of Cause No.26,245-A on October 26, 2015. (CR.I-5). On that day, Rory had dinner with Tammy Morgan (one of the victims in this case). (CR.I-5); (RR.II-49-50). After dinner, Tammy and Rory left in separate cars. (RR.II-28, 50-51). After departure, Tammy noticed appellant following her vehicle. (RR.II-50-51). Appellant pulled his vehicle next to Tammy's vehicle, showed her a weapon, and yelled for her to pull over. (RR.II-53-54, 64, 67). After Tammy pulled over, appellant told her this "…would be the last time you would see your friend [Rory] alive…" (RR.II-56). Shortly thereafter, Tammy drove away and appellant

followed. (RR.II-57). She called 911 very upset and stated that she was being followed by a man who had just threatened to kill her. (RR.II-57). At the punishment hearings, Tammy forgave appellant for his actions, having rekindled their friendship. (RR.II-60). Tammy testified that she did not want appellant to be imprisoned for this offense. (RR.II-66). Rather, she wanted him to get substance abuse and anger treatment. (RR.II-65-66).

Evan Gray (the other victim in this case) noticed a man in a white Mustang (later identified as appellant) following right on the bumper of a lady in an SUV (later identified as Tammy). (CR.I-5); (RR.II-11-12, 22-23, 38-39). Evan followed the vehicles to ensure nothing bad occurred. (RR.II-12). He even got in between the two vehicles. (RR.II-13). At some point, appellant pulled up beside Evan and pointed a shotgun at him. (RR.II-14). Evan became scared, slowed down, let the vehicles pass him, and called 911. (RR.II-14-15).

The police located the appellant driving on a city street and stopped him. (RR.II-19-20, 25). A black pump shotgun was discovered in the front passenger's seat of appellant's vehicle. (RR.II-20, 24). The shotgun was fully loaded with one round in the chamber and three rounds in the magazine. (RR.II-23-24). It was capable of firing four shots. (RR.II-24).

Approximately seven months after the instant offenses, appellant pointed a gun at another person.  On June 8, 2016, appellant pointed a gun at Amanda Arias and then pointed the gun at his own head.  (RR.II-78, 80).  Amanda was just a few feet away when appellant pointed the gun at her.  (RR.II-80). Law enforcement officers were called to the scene and after a four hour standoff appellant surrendered himself to authorities.  (RR.II-88, 93).

Aside from the above evidence presented by the State, the trial judge also heard testimony from two defense witnesses: Cassie Weatherly and Wilbert Newton.  Officer Weatherly works for Potter County Sheriff's office as a warrants officer.  (RR.III-7).  She testified that appellant was arrested on an outstanding Potter County Warrant in Florida on June 22, 2016 and booked into the Potter County Detention Center on July 11, 2016.  (RR.II-8-10).  According to Officer Weatherly, a person is usually shackled during transport.  (RR.II-10).

Wilbert Newton (a licensed professional counselor) testified that appellant started therapy in July of 2014 and has completed thirty counseling sessions since his start date. (RR.III-11, 14, 16). Appellant began seeing Newton because of anger issues, but he had issues with alcohol and steroid abuse as well.  (RR.III-14-15). Appellant even tried to commit suicide on two prior occasions.  (RR.III-20). Although Newton was aware that appellant had been treated for bipolar disorder,

8

he had not seen any indication of such mental illness and had not diagnosed appellant as bipolar. (RR.III-20, 29). Since November of 2016, appellant had shown regret, remorse, and a fear concerning the well-being of his children. (RR.III-16-17). In Newton's opinion, appellant was making progress and would benefit from continued treatment with his model of therapy. (RR.III-19, 24).

After considering all the punishment evidence, the judge sentenced appellant to ten years in prison on each count of the indictment and ordered that these sentences run concurrently. (CR.I-91-95); (RR.IV-10-11). On October 28, 2016, the trial judge signed a certification of appellant's right of appeal. (CR.I-83). This certification authorized the present appeal. On March 10, 2017, appellant filed a timely notice of appeal. (CR.I-101-102).

## COUNTERPOINT NO. 1, RESTATED

NO ABUSE OF DISCRETION HAS BEEN SHOWN AND ANY VIOLATION OF ARTICLE 37.07 WAS RENDERED HARMLESS. MOREOVER, THE COMPLAINTS IN ISSUE ONE WERE NOT PRESERVED FOR APPELLATE REVIEW.

**STATEMENT OF FACTS**:

On July 6, 2016, appellant filed a request for evidence and a motion for discovery. (CR.I-28-38). In this request, appellant asked for the State to provide notice of its intent to introduce any extraneous crimes or bad acts (final convictions or not) at trial. (CR.I-28). On October 28, 2016, appellant pled guilty to two counts of aggravated assault with a deadly weapon as alleged in the indictment of Cause No. 26,245-A. (CR.I-85-90, 91, 95). The State filed notices of its intent to offer extraneous evidence at trial pursuant to Article 37.07 on November 30, 2016 and December 21, 2016. (CR.I-56, 57, 78-79). In these notices, the State informed the defense that it intended to offer evidence of "...crimes, wrongs, bad acts, and extraneous offenses alleged against the defendant in the following investigative reports" which was marked as report number 16-07889 from the Potter County Sheriff's office. (CR.I-56, 57, 78). A few months later, several hearings were held in order for the trial judge to determine punishment. (CR.I-103-104).

During one of these hearings, the State called Rory (appellant's girlfriend) as a witness. (RR.II-68). The trial judge immediately held a hearing to discuss the State's intentions for calling Rory since it had been previously mentioned that she had pending criminal charges and might invoke her right to remain silent. (RR.II-46, 68). The State announced that it intended to ask Rory about the assaultive history between herself and appellant and about appellant's steroid use. (RR.II-69). The State informed the trial judge that she would not ask Rory any questions about the incident that occurred on June 9, 2016 because Rory has a criminal charge stemming from that date. (RR.II-69-71). After listening to the State, the trial judge stated that he "…didn't hear anything that would necessarily strike me as anything to invoke one's right to remain silent…" and asked why the attorney representing Rory was present in the courtroom. (RR.II-68-69).

Chris Drake (Rory's counsel) stated certain statements made by Rory on June 9, 2016 could conceivable be used against her client in a future criminal proceeding and that she advised Rory to invoke her Fifth Amendment right to remain silent. (RR.II-70). The State informed the trial judge that Rory was charged with a drug offense based on a search warrant of her house. (RR.II-70-71). The prosecutor stated she would not ask her questions about the incident that occurred on June 9, 2016. (RR.II-71). The trial judge agreed that the State could

11

not ask Rory about the events which took place on that date. (RR.II-71). The State assured the trial judge that "...I'm not going to talk about that day, period." (RR.II-72). Since the trial judge was not provided with case law on the issue, he did not allow Rory to testify at such time and asked the State to call its next witness.[1] (RR.II-72-73).

The State called Amanda Arias as its next witness. (RR.II-73). At the beginning of her testimony, the State asked Ms. Arias about the incident that began on June 8, 2016. (RR.II-74). Defense counsel (Mr. Weaver) objected and then withdrew his objection as shown by the following excerpt:

Mr. Weaver:     Your Honor, at this point, I'm going to object. If—and I'm just—may be premature, but the June incident, the June 13th, 2016, incident, we've only been given notice of an assault, which is a Class A, or a family violence, which is a Class A, and no other event that has occurred on this date. And that would be Paragraph 6, of the Second Amended Notice of potential Rule 404(b), Rule 609(f), Article 37.07.

Ms. Wiggins:    I'm sorry. Judge, if you look at Paragraph Number 1, it says: Crimes, bad acts, extraneous offense alleged in the Defendant—in that report number, and that is the report number I am talking about.

Mr. Weaver     And then at that point in time, I'm going to object—well, it's premature at this point. I'll withdraw the objection if that's where we're going at this point...."
                (RR.II-74-75).

---

[1]   The State later decided _not_ to call Rory as a witness. (RR.II-120-121).

12

Ms. Arias testified about the volatile relationship between Rory and appellant. (RR.II-78-82). She also testified that appellant pointed a gun at her and then at his own head during the June 8-9, 2016 incident. (RR.II-78, 80-82). At the end of Ms. Arias' testimony, defense counsel lodged another objection when she was asked if she had seen drugs at appellant's house. (RR.II-84). Defense counsel objected on the basis that the defense had received no notice of this extraneous evidence. (RR.II-84). The trial judge sustained the objection. (RR.II-84).

Aside from Ms. Arias, several other witnesses testified about the June 8-9, 2016 incident. Deputy Mike Wright testified that he was dispatched to a residence in Bushland on June 9, 2016 because a male had pointed a gun at a female. (RR.II-87-88). Deputy Wright testified that appellant was the suspect and that it took about four hours before he surrendered himself to authorities. (RR.II-93). Throughout Deputy Wright's testimony, defense counsel never lodged a notice objection. (RR.II-87-101).

Investigator Robert Huddleston testified that while investigating the June 8-9, 2016 incident he learned that appellant put a gun to his head and pulled the trigger. (RR.II-118-119). He also learned that appellant pointed a gun at another individual. (RR.II-119). Again, defense counsel never lodged a notice objection. (RR.II-113-119).

Likewise, defense counsel never lodged a notice objection when Sergeant Nelson Newburn and Sergeant Dustin Langwell testified about the June 8-9, 2016 incident. (RR.II-102-109, 110-112). Moreover, defense counsel never objected that the trial judge failed to find any of the extraneous evidence beyond a reasonable doubt.

## SUMMARY OF THE ARGUMENT

Appellant waived Issue One by failing to object to his notice complaint or to his finding complaint at trial. Although the State gave appellant notice of its intent to offer the June 8-9, 2016 extraneous evidence at trial, it failed to state the specific date or victim of said extraneous evidence on its notice pleadings. Nevertheless, any error was rendered harmless because the record shows the prosecutor was not acting in bad faith, trying to mislead appellant, or trying to prevent appellant from preparing for trial. Moreover, in regards to the finding complaint, there is no indication on the record that the trial judge failed to comply with Article 37.07 in assessing the sentences in this case. For all of these reasons, no abuse of discretion has been shown and the allegations in Issue One should be denied.

## ARGUMENT

### a. Standard of Review

The decision of a trial court regarding the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *See* **Weatherred v. State**, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); **Mitchell v. State**, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996). The trial judge's decision will be affirmed if it is within "the zone of reasonable disagreement." **Salazar v. State**, 38 S.W.3d 141, 153-154 (Tex.Crim.App. 2001).

### b. Law Pertaining to Extraneous Evidence at Punishment

Article 37.07(3)(a)(1)

Article 37.07(3)(a)(1) of the Texas Code of Criminal Procedure states, "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including…evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."

<u>Article 37.07(3)(g)</u>

Article 37.07(3)(g) states that, "On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice."

### *c.* Waiver of Issues on Appeal

In Issue One, appellant raises the following claims: 1) the trial judge erred by allowing the State to present extraneous evidence for which it had failed to provide notice as required under Article 37.07 of the Texas Code of Criminal Procedure and 2) the trial judge erred by allowing the State to present extraneous

evidence for which the beyond a reasonable doubt burden of proof was not satisfied as required by Article 37.07. (Appellant's Brief at pages 1, 8, 9-15).

**Notice Issue**

At trial, defense counsel made two notice objections. (RR.II-74, 84). The first notice objection was made at the beginning of Ms. Arias' testimony, but it was immediately withdrawn. (RR.II-74-75). Ms. Arias then testified about the events that occurred on June 8-9, 2016. (RR.II-75-84). She specifically testified about the volatile relationship between Rory and appellant and about the June 8-9, 2016 incident. (RR.II-76-81). Ms. Arias testified that appellant had pointed a gun at her and then pointed a gun at his own head. (RR.II-78, 80). The second notice objection was lodged at the very end of Ms. Arias' testimony. (RR.II-84). Defense counsel objected when the State asked Ms. Arias if she had seen drugs at appellant's house. (RR.II-84). Defense counsel objected on the basis that the defense had received no notice of this extraneous evidence. (RR.II-84). The trial judge sustained the objection. (RR.II-84).

Appellant waived error by failing to object at trial on the basis that the State failed to provide notice of the June 8-9, 2016 incident or that the State's notice regarding the incident was inadequate. *See Rezac v. State*, 782 S.W.2d 869, 870-871 (Tex.Crim.App. 1990); *Thomas v. State*, 723 S.W.2d 696, 700

17

(Tex.Crim.App. 1986); TEX. R. APP. P. 33.1(a)(1). Based on the record, defense counsel never made a specific 37.07 notice objection regarding the June 8-9, 2017 extraneous evidence. His notice objection only pertained to general drug extraneous evidence which he did not connect to the June 8-9, 2016 incident. (RR.II-84). Thus, appellant's notice issue is waived.

Appellant's notice issue is also waived because his objection was not pursued to an adverse ruling. As stated previously, the trial judge <u>sustained</u> defense counsel's objection to the State's question regarding whether Ms. Arias had seen drugs in appellant's house. (RR.II-84). Appellant failed to pursue an adverse ruling. Since the trial judge provided appellant with the requested relief, the notice issue was not preserved for review. *Wham v. State*, 2011 WL 4413745, No. 02-09-00390-CR (Tex.App.—Fort Worth 2011, pet. ref'd) (not reported).

Furthermore, appellant's notice issue is waived because the appellant failed to make a <u>timely</u> objection to evidence of the June 8-9, 2016 incident or to the appellant's drug use at trial. *Rezac v. State*, supra, 870-871; TEX. R. APP. P. 33.1(a)(1). Evidence regarding the June 8-9, 2016 incident and appellant's drug use was presented at trial before appellant ever lodged his second notice objection (i.e., his first notice objection was withdrawn). (RR.II-66, 74-75, 78, 80-81). After appellant lodged this notice objection, more evidence of the June 8-9,

2016 incident and appellant's drug use was presented at trial without any Article 37.07 objection. (RR.II-88, 93-98, 103-106, 114-115); (RR.V-State's Exhibit 11). Since appellant failed to repeatedly object at trial based on Article 37.07, his notice issue is waived.

**Finding Issue**

The appellant complains that the trial judge failed to make a finding regarding whether or not appellant committed various extraneous offenses or bad acts beyond a reasonable doubt before considering such evidence. (Appellant's Brief at pages 9, 14-15). Appellant argues that the trial judge never made any finding of reasonable doubt with regards to the following evidence: 1) the events of June 8-9, 2016, 2) appellant's volatile relationship with Rory, 3) appellant's mental health history, or 4) appellant's drug abuse. (Appellant's Brief at page 7, 15). However, appellant admits that he failed to object on this basis at trial. (Appellant's Brief at page 14). Since appellant failed to object at trial, his finding issue is waived for appellate review. *See **Palomo v. State***, 352 S.W.3d 87, 92 (Tex.App.—Houston [14th Dist.] 2011, pet ref'd) (waiver of complaint that trial judge did not conduct a proper threshold inquiry into the admissibility of the evidence because the objection at trial failed to comport with his issue on direct appeal); ***Sanders v. State***, 422 S.W.3d 809, 816 (Tex.App.—Fort Worth 2014, pet.

ref'd) (appellant failed to object under the beyond-a-reasonable-doubt standard of Article 37.07); *Chambers v. State*, 2011 WL 2652252 at 1-2, No. 01-10-00317-CR (Tex.App.—Houston [1st Dist.] 2011, pet. ref'd (not reported) (an objection under Rule 403 did not preserve error on an appellate complaint that the State did not prove an extraneous offense beyond a reasonable doubt as required by Article 37.07); *Kucel v. State*, 1998 WL 34193983 at 1, No. 11-97-071-CR (Tex.App.—Eastland 1998, no pet.) (not reported) (same); TEX. R. APP. P. 33.1(a)(1).

### d. Application of Law to Facts

**Notice Issue**

In Issue One, appellant alleges that the trial judge committed reversible error by allowing extraneous evidence at trial which the State failed to provide notice as required under Section 37.07 of the Texas Code of Criminal Procedure. (Appellant's Brief at pages 1, 8, 9-15). The State is confused by appellant's notice issue because it cannot determine if he is complaining that the State failed to provide any notice of its intent to offer the June 8-9, 2016 extraneous evidence at trial or if he is complaining that the State provided inadequate notice (i.e., the State failed to include the date and victim of the extraneous offense in its notice pleading) of the June 8-9, 2016 extraneous evidence. In his statement of facts,

20

appellant refers to the State's second amended notice pleading and states that, "No specific information was provided on the notice of allegations relating to June 8-9, 2016." (Appellant's Brief at page 3). Appellant also states in his statement of facts that many pages of the sentencing hearing "…are devoted to alleged facts that the State ensured it would not discuss and failed to give notice of to Mr. Amero." (Appellant's Brief at page 5).

To clarify, the prosecutor never agreed that she would refrain from discussing the events which took place on June 8-9, 2016 during trial. The prosecutor merely informed the trial judge that she would not question Rory (appellant's girlfriend) about the June 8-9, 2016 incident because she had a criminal charge stemming from such incident. (RR.II-69-72). The prosecutor never agreed that she would not ask other witnesses, aside from Rory, about the June 8-9, 2016 extraneous evidence.

Further, the State did inform appellant of its intent to offer the June 8-9, 2016 extraneous evidence at trial. In this regard, the State filed a notice and two amended notices regarding Article 37.07. (CR.I-56, 57, 78). These notices were filed weeks prior to trial, on November 30, 2016 and December 21, 2016. (CR.I-56, 57, 78). In these notices, the State informed the defense that it intended to offer evidence of "…crimes, wrongs, bad acts, and extraneous offenses alleged against

the defendant in the following investigative reports that have been electronically provided to defense counsel" and marked as report number 16-07889 from the Potter County Sheriff's Office. (CR.I-56, 57, 78). The State informed the trial judge and defense counsel that report number 16-07889 refers to the June 8-9, 2016 extraneous evidence, an assertion never contradicted by appellant on the record. (RR.II-74-75). Based on these documents, appellant was provided actual notice of the State's intent to offer evidence of the June 8-9, 2016 incident at trial.

Last of all, any alleged error in allowing the June 8-9, 2016 extraneous evidence at trial was harmless. Article 37.07(3)(g) specifically states that notice of the State's intent is reasonable only if "…the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act." However, the admission of extraneous evidence in violation of this statute does not involve constitutional error and should be disregarded unless it affects the defendant's substantial rights. *Roethel v. State*, 80 S.W.3d 276, 281 (Tex.App.—Austin 2002, no pet.); TEX. R. APP. PROC. 44.2(b). The purpose of Article 37.07(3)(g) is to avoid unfair surprise and to enable a defendant to prepare to answer the extraneous offense evidence. *Id*. at 282. An appellate court must analyze how the deficiency of the

notice affected the defendant's ability to prepare for the evidence. *Id*. at 282. It must determine whether the deficient notice resulted from prosecutorial bad faith and/or whether the deficient notice prevented the defendant from preparing for trial. *Id*.

Although the State failed to provide the date of the extraneous offense or the name of the victim on its 37.07 notice pleadings, the State provided notice of its intent to introduce evidence of crimes, wrongs, bad acts, and extraneous offenses alleged in report number 16-07889 (which contained the June 8-9, 2016 extraneous evidence) at trial.  (CR.I-56, 57, 78); (RR.II-74-75).  The notice pleadings showed that report number 16-07889 had been electronically provided to defense counsel. (CR.I-56, 57, 78). Since the State electronically provided this report to defense counsel, it is clear that the prosecutor was not acting in bad faith, trying to mislead appellant, or trying to prevent appellant from preparing for trial.  In fact, defense counsel even withdrew his first notice objection after the prosecutor informed him that the June 8, 2016 extraneous offense was contained in report number 16-07889 as stated in paragraph 1 of the State's 37.07 notice.  (CR.I-56, 57, 78); (RR.II-75).  Timely disclosure of the extraneous evidence and an absence of any prosecutorial bad faith or suggestion that appellant was unable to prepare for the sentencing hearing demonstrates that

the notice error did not affect appellant's substantial rights. Error, if any, was rendered harmless under Rule 44.2(b) of the Texas Rules of Appellate Procedure; also *See **Luna v. State***, 301 S.W.3d 322 (Tex.App.—Waco 2009, no pet.). Accordingly, no abuse of discretion has been shown and appellant's notice complaint in Issue One should be denied.

**Finding Issue**

In Issue One, appellant also alleges that the trial judge committed reversible error by failing to find proof of the extraneous evidence beyond a reasonable doubt as required by Article 37.07. (Appellant's Brief at pages 1, 8, 14-15). The State interprets appellant's issue as a sufficiency claim. Appellate courts generally do not review the sufficiency of the evidence supporting an extraneous offense presented during punishment. ***Palomo v. State***, supra at 94-95. Since the verdict on punishment is a general verdict and there is no actual finding that the defendant committed an extraneous offense, an appellate court cannot determine whether the fact finder found beyond a reasonable doubt that the defendant was criminally responsible for the extraneous offense or if such finding even affected the fact finder's determination of punishment. *Id*. at 95; ***Thompson v. State***, 4 S.W.3d 884, 886 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). Instead, appellate courts have construed such extraneous sufficiency challenges

as challenges to the admission of the evidence under an abuse of discretion standard. **Palomo v. State**, supra, at 94; **Thompson v. State**, supra, at 886.

In the instant case, evidence was presented at trial about the events of June 8-9, 2016, appellant's volatile relationship with Rory, his mental health history, and his drug abuse. (RR.II-56, 64-66, 77-84, 88, 96-98, 103); (RR.III-14-15, 20, 27, 29); (RR.V-State's Exhibit 11). After listening to the evidence, the trial judge sentenced appellant to ten years in prison for each count of the indictment. (CR.I-91, 95); (RR.IV-10-11). This punishment was not inappropriate given that the fact that the offenses alleged in the indictment of Cause No. 26,245-A were second degree felonies and there was no indication on the record that the trial judge failed to comply with Article 37.07 in assessing the sentences.[2] Thus, no abuse of discretion has been shown.

The only case that appellant cites to support his finding issue is **Huizar v. State**, 12 S.W.3d 479 (Tex.Crim.App. 2000). However, this case is distinguishable from the instant case because the <u>jury</u> was the fact finder in the **Huizar** case. If

---

[2] As stated in **Corley v. State**, 987 S.W.2d 615, 621 (Tex.App.—Austin 1999, no pet.), "Although we no longer presume that a trial court will disregard inadmissible evidence, see Gipson v. State, 844 S.W.2d 738, 740-41 (Tex.Crim.App. 1992), when a case is tried to a trial court rather than to a jury, the danger that the trier of fact will consider extraneous offense evidence for anything other than the limited purpose for which it is admitted is reduced, and the likelihood that the extraneous evidence will unfairly prejudice the defendant is diminished."

the jury is the fact finder at punishment, the trial judge is required to *sua sponte* instruct the jury on the burden of proof of an extraneous offense under Article 37.07 regardless of whether the defendant requests such an instruction. *Id*. Since the trial judge was the fact finder in the instant case, appellant's reliance on the *Huizar* case is misplaced. Moreover, just because an instruction as stated in the *Huizar* case is required to be given to a jury at punishment does not suggest that an appellate court can determine if the jury found beyond a reasonable doubt that defendant was criminally responsible for the extraneous offense or if any such finding even affected the jury's determination of punishment. Accordingly, no abuse of discretion has been shown and appellant's finding complaint in Issue One should be denied.

**PRAYER**

WHEREFORE, Premises Considered, the State prays that the relief requested by the appellant be denied and that this Honorable Court affirm Count I and Count II of the judgments in Cause No. 26,245-A.

Respectfully submitted,

JAMES A. FARREN
CRIMINAL DISTRICT ATTORNEY
RANDALL COUNTY, TEXAS

s/ Kristy Wright
KRISTY WRIGHT
SBN:  00798601
kristy.wright@randallcounty.com
Assistant Criminal District Attorneys
Randall County Justice Center
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015
(806) 468-5570
FAX (806) 468-5566

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the word count of this entire brief is 5142 words.

s/ Kristy Wright
KRISTY WRIGHT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing State's Brief has been served on Seth Kretzer, Attorney for Appellant (Jeremy William Amero), by email at seth@kretzerfirm.com on September 6, 2017.

s/ Kristy Wright
KRISTY WRIGHT